■ In the Matter of HERBERT KATZ et al., Appellants, v. BOARD OF APPEALS OF THE VILLAGE OF KINGS POINT, Respondent.— In a proceeding pursuant to article 78 of the CPLR, to compel the respondent, the Board of Appeals of the Village of Kings Point, to entertain an appeal from a determination of the Board of Trustees of said village, petitioners appeal from an order and judgment of the Supreme Court, Nassau County, entered March 18, 1964, which granted the respondent's motion to dismiss the petition on the ground that it is insufficient on its face (CPLR 7804, subd. [f]). Order and judgment affirmed, without costs. Special Term correctly ruled that the Village Board of Appeals has no jurisdiction to entertain an appeal from a determination or decision of the Village Board of Trustees. Section 179-b of the Village Law limits the appellate jurisdiction of the Board of Appeals to review of decisions or determinations " made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this act." The Board of Trustees is not such an administrative official. Its decision amending a previously granted permit may, however, be classified as an administrative act; but in such cases the review must be by the courts pursuant to article 78 of the Civil Practice Law and Rules; and the review is limited to the issue of whether the Board of Trustees acted reasonably or arbitrarily (*Matter of Lemir Realty Corp.* v. *Larkin,* 11 N Y 2d 20). Thus the petition was properly dismissed. We find untenable the issue of untimely service of the motion to dismiss the petition. If such defect existed, it was cured by the 12-day adjournment which was granted on the original return day. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.