■ In the Matter of SHIRLEY GREGORY et al., Appellants, v BOARD OF APPEALS OF TOWN OF CAMBRIA et al., Respondents. — Judgment unanimously reversed, without costs, and petition granted in accordance with the following memorandum: Petitioners instituted this CPLR article 78 proceeding to annul zoning variances granted to respondent Thomas Carter, doing business as Carter Trucking and Excavating Co., by the respondent Zoning Board of Appeals of the Town of Cambria. The variances, one granted July 17, 1978, and the other granted December 18, 1978, pertained to an irregular triangular parcel of land owned by Carter and fronting on Ridge Road and North Ridge Road in the Town of Cambria. Pursuant to the town's zoning ordinance, this land was lawfully used for Carter's trucking business, but the use was restricted by provisions of the ordinance which provided that no more than six vehicles could be parked, stored or left standing outside on said premises at a time and that none of said vehicles could be parked, stored or left standing less than 150 feet from any street right of way line or 25 feet from any lot line. Because of the irregular shape of the property and the existence of a building within part of the area where parking was permissible, the area requirements of the ordinance presented obvious difficulties to Carter in the operation of his business. Thus, on his application, the zoning board granted a variance in July, 1978 permitting Carter to park eight vehicles no closer than 75 feet to the highway. That relief apparently was inadequate and in December Carter applied to the board for relief once again. It granted him a further variance permitting vehicles to be parked no closer than 40 feet from Ridge Road and 60 feet from North Ridge Road. This article 78 proceeding was instituted on March 9, 1979, within 30 days of the filing of the December decision with the Town Clerk (see Town Law, § 282). In it, petitioners attack both the July and December decisions and preliminarily respondents contend that the July 17, 1978 decision is beyond review because the proceeding is untimely as to it. That is a matter of defense, however, and nothing in the record establishes when the July decision was filed, thus starting the running of the 30-day period limiting the time for petitioners to seek review. Reviewing the decisions of the board of appeals on the merits we find that they must be annulled because they were not supported by substantial evidence that Carter would suffer economic hardship if he was not allowed to park eight rather than six vehicles on his property. While there may have been reason to justify variance of the set-back requirement, that variance was grounded on the supposed need, not supported in this record, to park eight rather than six vehicles and the decisions of the board must therefore be annulled. (Appeal from judgment of Supreme Court, Niagara County, Hannigan, J. — art 78.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.