■ MARIO BROEDERS, Appellant, v MICHAEL P. SCHOENFELD et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, dated December 3, 1987, that a draft environmental impact statement is required for proposed construction on real property, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Rohl, J.), entered July 12, 1988, which, inter alia, dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the respondents for a determination of the applications for variances.

Although we find no merit in the petitioner's argument that he was entitled to a building permit as of right, we do find that the Zoning Board of Appeals of the Town of Huntington acted in an arbitrary and capricious manner in declaring that the petitioner's proposed construction would have a significant impact on the environment (see, ECL § 8-0109).

The petitioner sought a permit to construct a one-family dwelling in a residential zone within the Town of Huntington. As his lot was slightly deficient in area and in width, variances were necessary in order to receive a permit for the construction of the intended residence. The Board, however, denied his application, citing perceived runoff and erosion problems, and it issued a positive declaration pursuant to the

State Environmental Quality Review Act (SEQRA) necessitating the preparation of a draft environmental impact statement (see, ECL 8-0105).

It is apparent from the record that the petitioner's proposed construction would pose no *significant* environmental harm (see, 6 NYCRR 617.6). The petitioner's proposed residence would conform to the surrounding area (see, 6 NYCRR 617.11 [a] [5]) and it was not established that it would cause *substantial* adverse changes or a *significant* increase in potential for erosion or flooding (see, 6 NYCRR 617.11 [a] [1]). Although the property in question is sloped, it appears that other homes in the surrounding area have been constructed on similar or steeper slopes without reported erosion or runoff problems. Rather, it appears that in rendering its positive declaration the Board may have succumbed to community opposition, as voiced at the public hearing, stemming largely from the petitioner's past alleged unauthorized attempts to construct auxiliary structures upon his adjacent parcel. This was not a proper ground for a positive declaration of a likelihood of environmental harm (cf., *Bongiorno v Planning Bd.*, 143 AD2d 967). Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.