■ In the Matter of DELAFIELD 246 CORPORATION, Respondent, v DEPARTMENT OF BUILDINGS OF THE CITY OF NEW YORK et al., Appellants. [630 NYS2d 741] —Judgment (denominated order), Supreme Court, Bronx County (Lorraine Backal, J.), entered on or about August 30, 1994, which, *inter alia*, denied respondents' cross motion to dismiss the petition brought pursuant to CPLR article 78, and granted the petition to the extent of directing respondent Department of Buildings to issue a permanent certificate of occupancy and accompanying documents for the premises 680-9 West 246th Street, Bronx County, unanimously reversed, on the law, without costs, the cross motion granted, and the petition dismissed, without prejudice to administrative appeal.

This matter has been submitted for judicial review in the absence of a final administrative ruling. Thus, respondents' motion to dismiss the proceeding should have been granted for failure to exhaust administrative remedies (CPLR 7804 [f]; *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57; *Matter of White v Incorporated Vil. of Plandome Manor*, 190 AD2d 854, *lv denied* 83 NY2d 752). Respondent's letter of December 14, 1993, rejecting petitioner's application for a certificate of occupancy for noncompliance with a Zoning Resolution section governing the subject premises, is subject to appeal to the Board of Standards and Appeals (NY City Charter § 666 [7] [a]).

We note that, at the time the petition was brought, petitioner's application for a certificate of occupancy had been pending for only three months, not one year and nine months as

Supreme Court erroneously determined. It is not asserted that any statutory provision permits resort to the judicial forum prior to a final administrative pronouncement and, even in that event, entertaining the proceeding on its merits may be improvident (*see, Matter of Bloom v Division of Hous. & Community Renewal*, 138 Misc 2d 523, 527-528 [Rubin, J.]). In any event, petitioner should be permitted to pursue the denial of its application for a certificate of occupancy by way of appeal to the Board of Standards and Appeals, the determination of which is subject to judicial review (Administrative Code of City of NY § 25-207). Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Mazzarelli, JJ.