■ In the Matter of CRYSTAL POND HOMES, INC., Appellant, v RONALD PRIOR, as Chairman of the Zoning Board of Appeals of the Village of Huntington Bay, et al., Respondents. [701 NYS2d 102] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Village of Huntington Bay Zoning Board of Appeals, dated May 21, 1998, which remitted the petitioner's application for a building permit to the Building Inspector of the Village of Huntington Bay for the purpose of submitting further documentation, the appeal is from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated November 2, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, Crystal Pond Homes, Inc. (hereinafter Crystal Pond), applied to the Building Inspector of the Village of Huntington Bay for a building permit. The Building Inspector denied the application and Crystal Pond appealed the denial to the Village of Huntington Bay Zoning Board of Appeals (hereinafter the ZBA), and applied for an area variance because its lot was too small to meet the zoning requirement. The ZBA remitted the matter to the Building Inspector to enable Crystal Pond to submit building plans and a topographic map, which are normally required as part of a building permit application.

The Supreme Court properly dismissed this proceeding on the ground that the ZBA had not made a final determination which was subject to judicial review in a proceeding pursuant to CPLR article 78 (*see, Matter of Hawco v State of N. Y. Div. of Hous. & Community Renewal,* 225 AD2d 469; *Matter of Delafield 246 Corp. v Department of Bldgs.,* 218 AD2d 613; CPLR 7801 [1]). Moreover, Crystal Pond improperly commenced this proceeding before exhausting its administrative remedies (*see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Matter of Delafield 246 Corp. v Department of Bldgs., supra*). S. Miller, J. P., O'Brien, McGinity and Smith, JJ., concur.