■ RICHARD SABATINI et al., Appellants, v INCORPORATED VILLAGE OF KENSINGTON et al., Respondents. [725 NYS2d 567] —In an action, inter alia, in effect, to invalidate a building permit issued by the defendant Incorporated Village of Kensington to the defendants Peter Nikakis and Harriet Nikakis, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Segal, J.), dated March 17, 2000, which, among other things, granted the defendants' motion to dismiss their amended complaint and denied their cross motion for leave to serve a second amended complaint, and (2) an order of the same court, dated July 6, 2000, which denied their motion, in effect, for reargument.

Ordered that the appeal from the order dated July 6, 2000, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 17, 2000 is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiffs failed to obtain administrative review of the

determination of the building inspector of the defendant Incorporated Village of Kensington granting a building permit by the Village Zoning Board of Appeals (*see,* Village Law § 7-712-a). Therefore, the Supreme Court properly dismissed the action on the ground that the plaintiffs failed to exhaust their administrative remedies (*see, Sloane v Annunziato,* 234 AD2d 281).

The plaintiffs' motion, characterized as one for reargument and renewal, was properly determined by the Supreme Court to be one for reargument (*see, Piacentini v Mineola Union Free School Dist.,* 279 AD2d 513). Accordingly, the appeal from the order denying that motion must be dismissed, as no appeal lies from the denial of a motion for reargument (*see, Piacentini v Mineola Union Free School Dist., supra*).

The plaintiffs' remaining contentions are without merit. Krausman, J. P., Florio, Feuerstein and Cozier, JJ., concur.