■ In the Matter of Steven Levine et al., Appellants, v Town of Clarkstown et al., Respondents. [763 NYS2d 661] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Town of Clarkstown Building Inspector dated July 5, 2002, granting a building permit authorizing the construction of a single-family home by the respondents Brian Bordas and Christine Bordas, and to enjoin the respondents Brian Bordas and Christine Bordas from

continuing construction on the subject property, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Kelly, J.), dated August 16, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The petitioners commenced the instant proceeding, in effect, to prevent their next-door neighbors, the respondents Brian Bordas and Christine Bordas (hereinafter the respondents), from constructing a conforming single-family home on the respondents' conforming residential lot. The new home would replace an existing, smaller structure that is situated further from the petitioners' home.

In connection with the respondents' prior application for a building permit, and reportedly to resolve an issue that had arisen previously, the respondent Town of Clarkstown, through an act of the respondent Town Board of the Town of Clarkstown (hereinafter collectively the Town), enacted Local Law No. 6 (2002) of the Town of Clarkstown, which, in substance, permits the residents of a single-family home to continue to occupy that structure during the time of the construction of a new single-family home on the lot. In effect, the ordinance permits the old house to be occupied until the new home is ready for occupancy. Thereafter, the old home must be demolished or removed. Upon the authority of Local Law No. 6 (2002), the respondents' application for a building permit was granted, resulting in this proceeding by the petitioners.

Contrary to the petitioners' contentions, the Supreme Court properly determined that the Town's enactment of Local Law No. 6 (2002) did not violate the State Environmental Quality Review Act (ECL art 8, hereinafter SEQRA). The construction of a conforming single-family home on an approved (nonwetland) lot is a Type II action (see 6 NYCRR 617.5 [c] [9]), as is the replacement or reconstruction of a structure in kind on the same site (see 6 NYCRR 617.5 [c] [2]). In accordance with the opinion of the Town's environmental consultant, inasmuch as Local Law No. 6 (2002) merely facilitates the construction of a new single-family residence by permitting continued occupancy of the old house during the construction period of the new house, we agree that the Town properly declared the enactment of Local Law No. 6 (2002) to be a Type II action which would not pose significant environmental impacts (see Matter of Lighthouse Hill Civic Assn. v City of New York, 275 AD2d 322 [2000]; Matter of Crews v Village of Dobbs Ferry, 272 AD2d 540 [2000]; Broeders v Schoenfeld, 155 AD2d 639 [1989]; Mat-

*ter of Wilson v Department of Envtl. Conservation of State of N.Y.,* 136 AD2d 647 [1988]).

The Supreme Court properly dismissed the petitioners' third and fourth causes of action, alleging that the building permit was issued in violation of the Town's zoning law, for failure to exhaust administrative remedies. The petitioners were required to challenge the issuance of the building permit before the Town's Zoning Board of Appeals prior to commencing this proceeding, and thus their present claims are not properly before us (*see Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57 [1978]; *Sabatini v Incorporated Vil. of Kensington,* 284 AD2d 320 [2001]; *Matter of Crystal Pond Homes v Prior,* 267 AD2d 383 [1999]; *Sloane v Annunziato,* 234 AD2d 281 [1996]). In any event, they are without merit.

The petitioners' remaining contentions are without merit. Ritter, J.P., S. Miller, Goldstein and H. Miller, JJ., concur.