◼ In the Matter of SHARI IACONE et al., Appellants, v BUILDING DEPARTMENT OF OYSTER BAY COVE VILLAGE et al., Respondents. [821 NYS2d 654]—

In a proceeding pursuant to CPLR article 78, inter alia, in effect, to review a determination by the respondent Board of Trustees of Oyster Bay Cove Village dated January 13, 2005, which granted the respondents Joseph Bellantuono and Mrs.

Joseph Bellantuono a permit to remove trees on their real property, and a determination by the respondent Building Department of Oyster Bay Cove Village dated February 23, 2005, which granted the respondents Joseph Bellantuono and Mrs. Joseph Bellantuono a permit to build a "sports court" on the subject property, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Lally, J.), entered August 22, 2005, as granted those branches of the respective motions of the respondents Board of Trustees of Oyster Bay Cove Village and Building Department of Oyster Bay Cove Village, and the respondents Joseph Bellantuono and Mrs. Joseph Bellantuono, which were to dismiss so much of the petition as sought to vacate the permit to build a "sports court" for failure to exhaust administrative remedies and, in effect, which were to dismiss so much of the petition as sought to vacate the permit to remove trees, and dismissed those portions of the proceeding.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof granting those branches of the motions which were, in effect, to dismiss so much of the petition as sought to review the determination to grant a permit to remove trees, and dismissing so much of the petition as sought to review the determination to grant a permit to remove trees, and substituting therefor provisions denying those branches of the motions; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and that branch of the petition which was to review the determination to grant a permit to remove trees is reinstated; and it is further,

Ordered that pending the Supreme Court's determination of that branch of the petition which was to review the determination to grant a permit to remove trees, the respondents Joseph Bellantuono and Mrs. Joseph Bellantuono, and their agents, servants, contractors, and employees are enjoined from removing any trees on their real property that are the subjects of the challenged permit, and from performing any work to construct a "sports court."

Contrary to the petitioners' contention, the Supreme Court properly dismissed that branch of the petition which was to review the determination to grant a "sports court" permit for failure to exhaust administrative remedies. "It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *see also Sabatini v*

*Incorporated Vil. of Kensington,* 284 AD2d 320 [2001]). Further, Village Law § 7-712-a (5) (b) provides, in relevant part, that, "[a]n appeal shall be taken within sixty days after the filing of any order, requirement, decision, interpretation or determination of the administrative official." Because the petitioners did not administratively appeal the "sports court" permit prior to commencing this proceeding, they failed to exhaust their administrative remedies as to that permit.

We note, however, that the Supreme Court erred in determining that the petitioners had notice of that permit on the day of its issuance, February 23, 2005, and that therefore, the 60-day period of time within which to file an administrative appeal expired on April 23, 2005. Under the circumstances presented, the petitioners demonstrated that they first learned of the "sports court" permit on May 4, 2005 and could not reasonably be charged with actual or constructive knowledge earlier than that. Accordingly, their July 1, 2005 appeal to the Village Board of Appeals was timely (*see Matter of Pansa v Damiano,* 14 NY2d 356 [1964]).

As the petitioners correctly contend, the Supreme Court erred in dismissing that branch of the petition which was to review the determination to grant a permit to remove trees. "[T]he Village Board of Appeals has no jurisdiction to entertain an appeal from a determination or decision of the Village Board of Trustees. Section 179-b of the Village Law limits the appellate jurisdiction of the Board of Appeals to review of decisions or determinations 'made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this act' " (*Matter of Katz v Board of Appeals of Vil. of Kings Point,* 21 AD2d 693 [1964]). While the permit approval by the Board of Trustees may be classified as an administrative act, in such cases the review must be by the courts pursuant to CPLR article 78 (*see id.*).

The remaining contention of the respondents Joseph Bellantuono and Mrs. Joseph Bellantuono is without merit.

Motion by the respondents Building Department of Oyster Bay Cove Village and Board of Trustees of Oyster Bay Cove Village on an appeal from an order and judgment (one paper) of the Supreme Court, Nassau County, entered August 22, 2005, to dismiss the appeal on the grounds that the order and judgment was superseded by an order of the same court dated October 19, 2005, and that part of the appeal has been rendered academic. By decision and order on motion of this Court dated December 2, 2005, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers submitted in support of the motion and the papers submitted in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied (*see Matter of Iacone v Building Dept. of Oyster Bay Cove Vil.*, 32 AD3d 1029 [2006] [decided herewith]. Miller, J.P., Luciano, Rivera and Spolzino, JJ., concur.