■ In the Matter of SHARI IACONE et al., Appellants, v BUILD-ING DEPARTMENT OF OYSTER BAY COVE VILLAGE et al., Respondents. [820 NYS2d 904]—In a proceeding pursuant to CPLR article 78, inter alia, in effect, to review a determination by the respondent Board of Trustees of Oyster Bay Cove Village dated January 13, 2005, which granted the respondents Joseph Bellantuono and Mrs. Joseph Bellantuono a permit to remove trees on their real property, and a determination by the respondent Building Department of Oyster Bay Cove Village dated February 23, 2005, which granted the respondents Joseph Bellantuono and Mrs. Joseph Bellantuono a permit to build a "sports court" on the subject property, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered October 25, 2005, as, upon reargument, adhered to so much of its prior order and judgment (one paper) entered August 22, 2005, as granted those branches of the respective motions of the respondents Board of Trustees of Oyster Bay Cove Village and Building Department of Oyster Bay Cove Village, and the respondents Joseph Bellantuono and Mrs. Joseph Bellantuono, which were to dismiss so much of the petition as sought to vacate the permit to build a "sports court" for failure to exhaust administrative remedies and, in effect, which were to dismiss so much of the petition as sought to vacate the permit to remove trees, and dismissed those portions of the proceeding.

Ordered that the appeal from so much of the order as, upon reargument, adhered to so much of the original determination as granted those branches of the motions which were to dismiss so much of the petition as sought to vacate the tree removal permit, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

In *Matter of Iacone v Building Dept. of Oyster Bay Cove Vil.* (32 AD3d 1026 [2006] [decided herewith]), we held that the Supreme Court erred in granting those branches of the respondents' re-

spective motions which were, in effect, to dismiss so much of the petition as sought to vacate the tree removal permit, and modified the order and judgment entered August 22, 2005, accordingly. Therefore, so much of the instant appeal as concerns the tree removal permit must be dismissed as academic.

Contrary to the petitioners' contention, the Supreme Court properly dismissed so much of the petition as sought to vacate the "sports court" permit, for failure to exhaust administrative remedies (*id.*). Miller, J.P., Luciano, Rivera and Spolzino, JJ., concur.