■ In the Matter of SALLY J. SWANTZ et al., Respondents, v PLANNING BOARD OF THE VILLAGE OF COBLESKILL, Respondent, and BASSETT HOSPITAL OF SCHOHARIE COUNTY, Appellant. [824 NYS2d 781]—

Kane, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered February 17, 2006 in Albany County, which, inter alia, granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Planning Board of the Village of Cobleskill granting site plan approval of a parking lot to respondent Bassett Hospital of Schoharie County.

Respondent Bassett Hospital of Schoharie County (hereinafter BHSC) decided to construct a 60-space parking lot on its property in the Village of Cobleskill, Schoharie County. In furtherance of this project, it submitted an application for site plan review to respondent Planning Board of the Village of Cobleskill (hereinafter Board). After the Board approved BHSC's final site plan, petitioners, who own properties near the proposed parking lot, commenced this proceeding seeking an injunction and annulment of the Board's determination on various grounds. Supreme Court dismissed most of petitioners' causes of action, but granted the petition to the extent that the parking lot was not a permitted use under the Village's zoning ordinance, thus justifying injunctive relief preventing BHSC from constructing the parking lot. BHSC appeals.

Supreme Court erred in granting the petition based on an alleged violation of the zoning ordinance.* Planning boards are without power to interpret the local zoning law, as that power is vested exclusively in local code enforcement officials and the zoning board of appeals (see Village Law § 7-712-a [4]; § 7-712-b [1]; *Matter of Gershowitz v Planning Bd. of Town of Brookhaven*, 52 NY2d 763, 765 [1980]; *Matter of Jamil v Village of Scarsdale Planning Bd.*, 24 AD3d 552, 554 [2005]; *Matter of J & R Esposito Bldrs. v Coffman*, 183 AD2d 828, 829 [1992]; *Rattner v Planning Commn. of Vil. of Pleasantville*, 103 AD2d 826, 826 [1984]). Here, during a public meeting, the Board noted that the Village's code enforcement official already determined that the proposed parking lot was a permitted use; the Board did not question that ruling, and the proper channel to chal-

* Contrary to petitioners' argument, even if BHSC failed to fully raise this issue in Supreme Court, this Court may consider this purely legal issue for the first time on appeal (*see Branham v Loews Orpheum Cinemas, Inc.*, 31 AD3d 319, 323 n 2 [2006]; *Matter of Johnson v Shelmar Corp.*, 2 AD3d 1010, 1010 n [2003]).

lenge that official's decision was to make an application to the zoning board of appeals. Despite being made aware of this information, petitioners did not avail themselves of that proper avenue to challenge the code enforcement official's zoning determination. Thus, the Board had no authority to deny site plan approval based on the zoning issue and that issue was not properly before Supreme Court (*see Matter of Gershowitz v Planning Bd. of Town of Brookhaven, supra* at 765; *Matter of Jamil v Village of Scarsdale Planning Bd., supra* at 554; *Matter of Mialto Realty v Town of Patterson*, 112 AD2d 371, 372 [1985], *lvs dismissed* 66 NY2d 601, 696 [1985]). Accordingly, we reverse and dismiss the petition.

Carpinello, J.P., Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.