In the Matter of JOANNE KODOGIANNIS, Respondent, v ZONING BOARD OF APPEALS OF TOWN OF MALTA, Appellant. [839 NYS2d 588]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered May 8, 2006 in Saratoga County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's request for a use variance.

In 2001, the Town of Malta, Saratoga County, adopted a local law eliminating roadside billboards except in certain delineated areas. All existing signs were to be removed within three years from its adoption. This local law granted existing sign owners the right to apply for an extension for up to an additional three years, with any such determination to be made by the Town Board. Petitioner is the owner of premises containing such a sign.

In 2005, the Town notified her that the sign had to be removed under the local law. Instead of seeking an extension from the Town Board, petitioner applied for a use variance from respondent. After two meetings, respondent denied the variance on the ground that the matter was before "the wrong Board" and "should go to the Town Board," prompting the instant CPLR article 78 proceeding. Supreme Court rejected respondent's argument that the local law at issue preempted it from granting use variances under these circumstances. Finding that petitioner satisfied the statutory requirements for same, the court granted the variance. This appeal ensued.

Respondent's argument that the local law preempted it from granting a use variance is a fundamental misapplication of the doctrine of preemption. That doctrine provides that local governments may adopt local legislation as long as it is not inconsistent with the NY Constitution or any general state law (see Albany Area Bldrs. Assn. v Town of Guilderland, 74 NY2d 372, 376 [1989]). Zoning boards of appeal, however, are creatures of state statute (see Town Law § 267) and "are invested with the power to vary zoning regulations in specific cases in order to avoid unnecessary hardship or practical dif-

ficulties arising from a literal application of the zoning law" (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 90 [2001]). The Court of Appeals has noted that by enacting Town Law § 267, the Legislature established its intent "to occupy the field and bring a measure of statewide consistency to the variance application and review process" (*Matter of Cohen v Board of Appeals of Vil. of Saddle Rock*, 100 NY2d 395, 401-402 [2003]). Because the Legislature has vested this power in zoning boards of appeal, respondent's interpretation of its local law as divesting it of jurisdiction over the use variance at issue contravenes a state statute and is thus invalid.

While we agree with Supreme Court that respondent had jurisdiction to consider the use variance, the court should have remitted the matter to respondent for consideration of the merits, i.e., to engage in the requisite balancing test which requires, among other factors (*see* Town Law § 267-b [2] [b]), that the benefit to the applicant be weighed against the detriment to the community in granting the minimum variance necessary including, for example, the appropriate time period for the continued nonconforming use of the property if a variance is otherwise justified (*see* Town Law § 267-b [2] [c]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *see also Matter of James H. Maloy, Inc. v Zoning Bd. of Appeals of Town of Sand Lake*, 168 AD2d 874, 876 [1990]). Thus, the matter should be so remitted to respondent. Respondent's remaining contention has been considered and rejected as without merit.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to respondent for consideration of the merits of petitioner's application for a use variance.