Malone Jr., J.
Appeal from a judgment of the Supreme Court (Cahill, J.), entered February 14, 2008 in Ulster County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of Gardiner granting area variances to respondents Werner Wustrau and Joan Wustrau.
Respondents Werner Wustrau and Joan Wustrau (hereinafter collectively referred to as respondents) own a 40-acre landlocked *884 parcel of property in the Town of Gardiner, Ulster County, that is situated within an area subjected to the Shawangunk Ridge Protection Regulations enacted by the Town in 2006 (see Town of Gardiner Zoning Law § 220-13.1). In December 2006, respondents submitted an application to respondent Zoning Board of Appeals of the Town of Gardiner (hereinafter ZBA) requesting area variances to construct a 3,200-foot driveway over the land of their neighbor, William Brown, over which respondents maintain an easement along an existing dirt road. Specifically, recognizing that the regulations prohibited construction on slopes greater than 30% in grade, the construction of driveways longer than 2,500 feet, with more than 250 feet located on a slope graded between 20% and 30%, and the cutting or grading of an area more than eight feet wide, respondents requested four separate area variances.
The ZBA appointed itself lead agency for review of the application under the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) and classified the project as an unlisted action. At the conclusion of a seven-month review, the ZBA determined that the proposed driveway would not have a significant environmental impact, issued a negative declaration and granted the variances. This CPLR article 78 proceeding by petitioner ensued. Although Supreme Court found that the project was more appropriately classified as a type II action for SEQRA purposes—and, thus, was not subjected to SEQRA review—the court also determined that the ZBA nevertheless conducted adequate SEQRA review before granting the variances, and dismissed the petition. Petitioner now appeals.
Initially, we agree with petitioner that judicial review of the propriety of an administrative determination is limited to the grounds invoked by the agency at the time the determination was made and a court may not confirm on other grounds that it finds to be more proper (see Matter of Berchielli v Zoning Bd. of Appeals of Town of Westerlo, 202 AD2d 733, 734 [1994], lv denied 83 NY2d 757 [1994]). As such, Supreme Court exceeded its scope of review in determining that the project constituted a type II action, and our analysis will focus on the propriety of the ZBA’s determination based upon its classification of the project as an unlisted action. We disagree, however, with petitioner’s contention that the ZBA failed to conduct an adequate SEQRA review and that the issuance of the negative declaration was an abuse of discretion.
This Court’s review of a zoning board’s issuance of a negative declaration is limited to ascertaining whether the board “identified the relevant areas of environmental concern, took a ‘hard *885 look’ at them, and made a ‘reasoned elaboration’ of the basis for its determination” (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986], quoting Aldrich v Pattison, 107 AD2d 258, 265 [1985]; accord Matter of Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d 306, 318 [2006]). Here, before issuing the negative declaration, the ZBA engaged in a lengthy analysis of the relevant environmental concerns, including the identification of threatened or endangered plants and animals on or near the site, the proximity to historical landmarks and places, water runoff or erosion issues, and the potential visual impact of the project. During the course of the process, among other things, the ZBA reviewed a full environmental assessment form, solicited input from the Department of Environmental Conservation and neighboring landowners, reviewed reports prepared by two engineering firms and conducted an on-site visual assessment of respondents’ property. In addition, numerous public meetings were held to allow the community to comment and voice concerns (see Matter of Mayes v Cooper, 283 AD2d 760, 761 [2001]). Based on this record, it is evident that the ZBA properly identified areas of environmental concern and took the requisite hard look at them prior to issuing a well-reasoned negative declaration and, thus, its issuance of a negative declaration will not be disturbed.
Nor do we find that the ZBA lacked authority to grant the area variances to respondents or that it abused its discretion in doing so. Specifically, petitioner claims that the ZBA was without authority to grant the variances because, according to the Shawangunk Ridge Protection Regulations, the construction of roads on slopes greater than 30% is not permitted “under any circumstances” (Town of Gardiner Zoning Law § 220-13.1 [F] [4] [g] [2]). However, the language cited by petitioner applies only to “roads,” as distinct from “driveways,” which are separately regulated (see Town of Gardiner Zoning Law § 220-13.1 [F] [4] [g] [1], [4], [6], [7]). In any event, zoning boards of appeals are “ ‘invested [by the Legislature] with the power to vary zoning regulations in specific cases in order to avoid unnecessary hardship or practical difficulties arising from a literal application of the zoning law’ ” (Matter of Kodogiannis v Zoning Bd. of Appeals of Town of Malta, 42 AD3d 739, 739-740 [2007], quoting Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 90 [2001]; see Town Law § 267-b; Matter of Real Holding Corp. v Lehigh, 2 NY3d 297, 299 [2004]). As such, petitioner’s contention that the ZBA lacked authority to grant the variances at issue is without merit.
Finally, in making its determination whether to grant the *886 area variances, the ZBA was required to engage in a balancing test, weighing the proposed benefit to respondents against the possible detriment to the health, safety and welfare of the community (see Town Law § 267-b [3]), as well as consider the five statutory factors enumerated in Town Law § 267-b (3) (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612-613 [2004]; Matter of North Country Citizens for Responsible Growth, Inc. v Town of Potsdam Planning Bd., 39 AD3d 1098, 1101 [2007]). Here, the ZBA determined that the proposed driveway will not create an undesirable change in the character of the neighborhood as it will not be visible from neighboring homes or surrounding areas. It also concluded that the benefit sought by respondents cannot be achieved by any other means inasmuch as the engineer for the Town considered alternatives but ultimately concluded that the proposed configuration of the driveway was the best possible option. Although the variances sought are substantial, the ZBA determined that the driveway will not have a substantial impact on the community in that the size of the lots in the surrounding area, as well as the abundant natural screening, will ensure that the driveway will not be visible from a nearby road or other houses. Finally, the ZBA determined that respondents’ hardship was not self-created as they owned the parcel long before the zoning restrictions were enacted. Based on the record presented, it cannot be said that the ZBA’s determination to grant the area variances was arbitrary or an abuse of discretion and, according deference to such determination, it will not be disturbed (see Matter of Ifrah v Utschig, 98 NY2d 304, 307 [2002]; Matter of North Country Citizens for Responsible Growth, Inc. v Town of Potsdam Planning Bd., 39 AD3d at 1102).
Petitioner’s remaining contentions, including its claim of impermissible segmentation, have been considered and found to be without merit.
Mercure, J.P, Spain and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.