In an action, inter alia, to recover damages for wrongful death, the defendants Airport Auto Group, Inc., and Five Towns Mitsubishi appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated August 5, 2011, as denied that branch of their motion, made jointly with the defendant Lester Wu, which was for sum *1300 mary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Airport Auto Group, Inc., and Five Towns Mitsubishi is granted.
According to the complaint and bill of particulars, on July 9, 2007, at approximately 2:30 a.m., New York City Police Department Officer Russel Timoshenko and his partner pulled over an automobile near the intersection of Lefferts Avenue and Rogers Avenue in Brooklyn. As Officer Timoshenko approached the passenger side of the car, he was shot multiple times by Dexter Bostic. Officer Timoshenko ultimately died from his injuries. At the time of the shooting, Bostic was employed as a car salesperson for the defendant Airport Auto Group, Inc. (hereinafter Airport Auto), which did business as the defendant Five Towns Mitsubishi (hereinafter together the Airport Auto defendants). The vehicle stopped by Officer Timoshenko and his partner was an inventory vehicle belonging to Airport Auto.
Officer Timoshenko’s parents, the plaintiffs Leonid Timoshenko and Tatyana Timoshenko, on their own behalf, and Tatyana Timoshenko, as administrator of Officer Timoshenko’s estate, commenced this action against the Airport Auto defendants and certain officers and directors of Airport Auto, alleging that the Airport Auto defendants were liable for the decedent’s death under the doctrine of respondeat superior, and for their negligent hiring, retention, and supervision of Bostic. The complaint alleged, inter alia, that the Airport Auto defendants, through their employees, knew or should have known about Bostic’s criminal background, and were negligent in failing to restrict his access to the inventory vehicles during nonbusiness hours. The Airport Auto defendants, jointly with the defendant Lester Wu, a shareholder of Airport Auto, moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. In the order appealed from, the Supreme Court, among other things, denied the motion with respect to the Airport Auto defendants. The Airport Auto defendants appeals, and we reverse the order insofar as appealed from.
The Airport Auto defendants established their prima facie entitlement to judgment as a matter of law on the cause of action based upon the doctrine of respondeat superior by demonstrating that the shooting occurred away from Airport Auto’s premises, during nonbusiness hours, and that it was committed by Bostic for personal motives unrelated to the furtherance of *1301 Bostic’s employment (see Danner-Cantalino v City of New York, 85 AD3d 709 [2011]; Fernandez v Rustic Inn, Inc., 60 AD3d 893, 896 [2009]; Oliva v City of New York, 297 AD2d 789, 790 [2002]). The Airport Auto defendants established their prima facie entitlement to judgment as a matter of law on the cause of action alleging negligent hiring, retention, and supervision by demonstrating that Bostic’s shooting of Officer Timoshenko, while Bostic was off-duty and away from Airport Auto’s premises, constituted a superseding cause that so attenuated their alleged negligence from the ultimate injury that the imposition of liability would be unreasonable under the circumstances (see Santiago v New York City Hous. Auth., 63 NY2d 761, 762-763 [1984]; Kush v City of Buffalo, 59 NY2d 26, 33 [1983]; Barth v City of New York, 307 AD2d 943, 944 [2003]). In opposition, the plaintiffs submitted only an affirmation from their counsel that was without evidentiary value and, thus, was insufficient to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]).
Accordingly, the Supreme Court should have granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the Airport Auto defendants. Rivera, J.E, Balkin, Belen and Chambers, JJ., concur. [Prior Case History: 32 Misc 3d 1229(A), 2011 NY Slip Op 514920J).]