■ In the Matter of FAUSAT OGUNBAYO, Appellant, v ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [965 NYS2d 153]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the New York City Administration for Children's Services to return the petitioner's children to the custody of the petitioner and to produce, inter alia, the records of the children since they were removed from the petitioner's home in June 2008, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Lewis, J.), dated December 5, 2011, which denied her motion for leave to enter a default judgment against the New York City Administration for Children's Services upon their failure to answer the petition or appear in the proceeding, granted that branch of the cross motion of the New York City Administration for Children's Services which was pursuant to CPLR 3211 (a) (7) and CPLR 7804 (f) to dismiss the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioner has failed to demonstrate a clear legal right to the relief sought.

The petitioner's motion for leave to enter a default judgment was properly denied (*see* CPLR 7804 [c], [f]; *Matter of Katz v Board of Appeals of Vil. of Kings Point*, 21 AD2d 693 [1964]).

The petitioner's remaining contentions either raise issues not determined by the order and judgment appealed from (*see Matter of Tishauna Patricia N. [Tee Tee Ann W.]*, 68 AD3d 1119, 1119-1120 [2009]; *see generally Thompson v Leben Home for Adults*, 39 AD3d 624, 626 [2007]; *Grossman v Amalgamated Warbasse Houses, Inc.*, 21 AD3d 448 [2005]), improperly refer to matter dehors the record (*see Matter of Ice S.*, 30 AD3d 428 [2006]), or are improperly raised for the first time in the reply brief she submitted to this Court (*see Matter of Corrigan v Orosco*, 84 AD3d 955 [2011]). Mastro, J.P., Chambers, Lott and Sgroi, JJ., concur.