Doe v Heckeroth Plumbing & Heating of Woodstock, Inc. (2021 NY Slip Op 01304)





Doe v Heckeroth Plumbing & Heating of Woodstock, Inc.


2021 NY Slip Op 01304


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

530936

[*1]John Doe, Individually and as Parent and Guardian of Jane Doe, an Infant, Appellant,
v
Heckeroth Plumbing & Heating of Woodstock, Inc., Respondent, et al., Defendant.

Calendar Date: January 5, 2021

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for appellant.
Marshall Dennehey Warner Coleman & Goggin, New York City (Richard C. Imbrogno of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Schreibman, J.), entered December 23, 2019 in Ulster County, which, among other things, granted a motion by defendant Heckeroth Plumbing & Heating of Woodstock, Inc. for summary judgment dismissing the complaint against it.
This action stems from sexual contact that occurred between a former employee (hereinafter the former employee) of defendant Heckeroth Plumbing & Heating of Woodstock, Inc. (hereinafter Heckeroth) and plaintiff's minor daughter (hereinafter the child). The former employee and the child engaged in sexual acts on multiple occasions — after work hours — in a vehicle that Heckeroth provided to the former employee as part of his employment. After plaintiff learned of the sexual contact between the former employee and the child, he brought the instant action for claims sounding in, among other things, respondeat superior, negligent hiring and negligent supervision.[FN1]
After Heckeroth joined issue, a discovery dispute involving mileage reports from the vehicle assigned to the former employee ensued, during which it was indicated that the mileage reports were destroyed. As a result of such destruction, plaintiff moved to strike Heckeroth's answer based upon willful spoliation. Thereafter, Heckeroth moved for summary judgment dismissing the complaint, which plaintiff opposed. Supreme Court ultimately found that Heckeroth could not be held vicariously liable for the sexual assault of the child as such sexual conduct was not within the scope of the former employee's employment. Therefore, the court granted Heckeroth's motion for summary judgment dismissing the complaint and then denied plaintiff's motion to strike the answer as moot. Plaintiff appeals.
We agree with plaintiff that Supreme Court erred by failing to address the motion to strike prior to addressing the motion for summary judgment, because granting the motion to strike the answer or the imposition of other sanctions may have impacted the analysis of the summary judgment motion (see Rou Dong Yee v Deluxe Meat Mkt. Inc., 159 AD3d 407, 408 [2018]; see generally Dyer v City of Albany, 121 AD3d 1238, 1238-1239 [2014]). Nevertheless, on the merits, the motion must be denied. Plaintiff is seeking the mileage reports incident to his negligent supervision claim to "determine whether [they] were properly audited by [Heckeroth]," and asserts that, if the mileage reports had been properly audited, the sexual conduct between the former employee and the child "could have been determined and ceased." Plaintiff also alleges that the mileage reports have been discarded, thus prejudicing "plaintiff's ability to prove notice to [Heckeroth]." Notably, the former employee admits that in the mileage reports he included excess mileage incurred due to meeting the child, and the owner of Heckeroth admits that he did not review the mileage reports. Because these facts are uncontested, it is unclear what relevant information the mileage reports [*2]would have established and, similarly, what prejudice has resulted from their destruction. Accordingly, "[p]laintiff's vague and speculative allegations regarding prejudice arising from the alleged destruction of documents do not support a claim of spoliation" (Clark v Schuylerville Cent. School Dist., 74 AD3d 1528, 1529 [2010]; see O'Connor v Syracuse Univ., 66 AD3d 1187, 1191 [2009], lv dismissed 14 NY3d 766 [2010]).
Turning now to Heckeroth's motion for summary judgment as to the negligent supervision claim,"[t]o establish a cause of action based on . . . negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Taylor v Point at Saranac Lake, Inc., 135 AD3d 1147, 1149 [2016] [internal quotation marks and citations omitted]).[FN2] Although it could be argued that Heckeroth should have known, from the mileage reports, that the former employee utilized the work vehicle for more than its intended work purpose, it is not the improper use of the vehicle that caused the injury to the child. Rather, it was the former employee's sexual abuse of the child that caused the injury and "constituted a superseding cause that so attenuated [Heckeroth's] alleged negligence from the ultimate injury that the imposition of liability would be unreasonable under the circumstances" (Timoshenko v Airport Auto Group, Inc., 95 AD3d 1299, 1301 [2012]; see Ingrassia v Lividikos, 54 AD3d 721, 724 [2008]). As such, Heckeroth demonstrated its prima facie entitlement to judgment as a matter of law, and plaintiff failed to raise a triable issue of fact in opposition (see Timoshenko v Airport Auto Group, Inc., 95 AD3d at 1301).
We turn now to defendant's motion for summary judgment as to the issue of respondeat superior. "The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment. Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933 [1999] [citation omitted]). Although the issue of "[w]hether an employee was acting within the scope of employment generally presents a question of fact for the jury to decide" (Williams v J. Luke Constr. Co., LLC, 172 AD3d 1509, 1512-1513 [2019] [citations omitted]), it has long been recognized that "[s]exual assault is a clear departure from the scope of employment" (Kunz v New Netherlands Routes, Inc., 64 AD3d 956, 958 [2009] [internal quotation marks and citation omitted]; see Judith M. v Sisters of Charity Hosp., 93 NY2d at 933; KM v Fencers Club, Inc., 164 AD3d 891, 892 [2018], lv denied 32 NY3d 919 [2019]; Steinborn v Himmel, 9 AD3d 531, 532 [2004]).
Inasmuch as Heckeroth established that the former employee's sexual conduct with the child was[*3]"committed for wholly personal motives" and not in furtherance of Heckeroth's business or within the former employee's scope of his employment, Heckeroth established its prima facie entitlement to judgment as a matter of law (KM Fencers Club, Inc., 164 AD3d at 892; see Judith M. v Sisters of Charity Hosp., 93 NY2d at 933). Further, although Heckeroth "derived [a] special benefit from [the former employee's] use of the [vehicle] in going to or from work" (Williams v J. Luke Constr. Co., LLC, 172 AD3d at 1512), this did not bring the sexual assault of the child within the scope of employment, as it was not "in the business of the employer" nor was it "necessary or incidental to such employment" (Kelly v Starr, 181 AD3d 799, 801 [2020]). Plaintiff, in response, failed to raise a triable issue of fact (see Judith M. v Sisters of Charity Hosp., 93 NY2d at 933; KM Fencers Club, Inc., 164 AD3d at 892). Therefore, Supreme Court properly granted Heckeroth's motion dismissing the complaint.
Garry, P.J., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: A direct claim for negligence was asserted against the former employee. In the order on appeal, Supreme Court noted that a default judgment has been entered against him.

Footnote 2: Plaintiff has abandoned his claim for negligent hiring by failing to address the claim in his brief (see Matter of Micklas v Town of Halfmoon Planning Bd., 170 AD3d 1483, 1485 [2019]; Carroll v Rondout Yacht Basin, Inc., 162 AD3d 1150, 1151 [2018], appeal dismissed 32 NY3d 1035 [2018]). Thus, we only address plaintiff's claims against Heckeroth based upon negligent supervision and respondeat superior.