Matter of Grout v Visum Dev. Group LLC (2021 NY Slip Op 04997)





Matter of Grout v Visum Dev. Group LLC


2021 NY Slip Op 04997


Decided on September 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 16, 2021

531423
[*1]In the Matter of Brian H. Grout et al., Appellants,
v
Visum Development Group LLC et al., Respondents, et al., Respondents. (And Another Related Proceeding.)

Calendar Date:August 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Allen & Maines, Ithaca (Russell E. Maines of counsel), for Brian H. Grout, appellant.
Knauf Shaw LLP, Rochester (Jonathan R. Tantillo of counsel), for Susanne Dennis, appellant.
Weaver Mancuso Brightman PLLC, Rochester (John A. Mancuso of counsel), for Visum Development Group LLC and another, respondents.
Aaron O. Lavine, City Attorney, Ithaca (Robert A. Sarachan of counsel), for City of Ithaca Board of Zoning Appeals and others, respondents.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Keene, J.), entered April 13, 2020 in Tompkins County, which, among other things, in two combined proceedings pursuant to CPLR article 78 and actions for declaratory judgment, granted respondents' motions for summary judgment dismissing the petitions/complaints.
Respondents IC Overlook, LLC and Visum Development Group LLC seek to construct a three-building apartment complex, with attendant parking lot, at 815 South Aurora Street in the City of Ithaca, Tompkins County, and the communications tower and other buildings presently on the property are to remain on it. In February 2019, IC Overlook and Visum submitted a site plan application to respondent City of Ithaca Planning and Development Board (hereinafter the Planning Board) seeking approval of the project. Public notice of the project was published and, thereafter, multiple meetings of the Planning Board were held, and public comment was received. On July 23, 2019, the Planning Board declared itself lead agency under the State Environmental Quality Review Act (see ECL art 8 [SEQRA]) and determined that the project was a Type I action. The Planning Board issued a negative declaration under SEQRA and granted preliminary site plan approval. In August 2019, petitioners, who are landowners of properties adjoining the project site, commenced a combined CPLR article 78 proceeding and action for declaratory judgment to challenge these actions (proceeding No. 1). On September 16, 2019, petitioners sent correspondence to respondent City of Ithaca Board of Zoning Appeals (hereinafter BZA) administratively appealing these determinations — specifically arguing that the project violated the City of Ithaca Zoning Code and lacked necessary variances. On September 27, 2019, respondent Zoning Administrator for the City rejected the appeal as untimely, stating that the determinations challenged by petitioners had been made in April 2019 and, thus, petitioners' appeal was brought outside the 60-day time limit.
The project was granted final site plan approval on September 24, 2019. In October 2019, petitioners commenced a second proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking to (1) vacate, annul or remit the grant of final site plan approval as ultra vires, (2) declare that certain violations of the zoning code existed with respect to the project, or alternatively mandate that the BZA consider the administrative appeal, (3) determine that the Planning Board did not comply with the requirements of SEQRA, and (4) enjoin issuance of building permits for the project. Following joinder of issue, respondents moved for summary judgment dismissing both petitions/complaints, and petitioners cross-moved for summary judgment granting both petitions/complaints. Supreme Court granted respondents' motion for summary judgment as to both proceedings concluding with respect to the second proceeding that petitioners had constructive notice [*2]of the Planning Board's determination with regard to variances in April 2019, and, as such, their administrative appeal of September 16, 2019 was untimely. It further found that the Planning Board satisfied the requirements of SEQRA.[FN1] Supreme Court denied petitioners' cross motions. Petitioners appeal.
Turning first to the question of the timeliness of petitioners' administrative appeal to the BZA, we find that Supreme Court erred in its determination that said appeal was untimely. "A [local] zoning board's interpretation of a local zoning ordinance is afforded deference and will only be disturbed if irrational or unreasonable" (Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d 970, 972 [2016] [citations omitted], appeal dismissed 28 NY3d 1051 [2016], lv denied 29 NY3d 907 [2017]). However, such deference is not required "where . . . the issue presented is one of pure legal interpretation of [a] zoning law or ordinance" (Matter of Fruchter v Zoning Bd. of Appeals of the Town of Hurley, 133 AD3d 1174, 1175 [2015] [internal quotation marks and citations omitted]). As relevant here, General City Law § 81-a (5) (a) imposes an affirmative duty on administrative officials charged with the enforcement of a local zoning law or ordinance in mandating that "[e]ach order, requirement, decision, interpretation or determination . . . shall be filed. . . within five business days from the day it is rendered, and shall be a public record" (emphasis added). General City Law § 81-a (5) (b) states that "[a]n appeal shall be taken within [60] days after the filingof any order, requirement, decision, interpretation or determination of the administrative official, by filing with such administrative official and with the board of appeals a notice of appeal, specifying the grounds thereof and the relief sought" ([emphasis added]; see Code of the City of Ithaca § 325-40 [B] [1] [e]). Upon review of the record, it is impossible to ascertain exactly when the Planning Board determined that variances were not necessary. However, it is undisputed that no determination of such finding was ever filed. As General City Law § 81-a (5) (b) plainly provides that the time period for commencing a review proceeding is to be measured from the filing, and there was no filing, the time period for the administrative appeal never began to run (see Matter of Corrales v Zoning Bd. of Appeals of the Vil. of Dobbs Ferry, 164 AD3d 582, 586 [2018]; Matter of Ziemba v City of Troy, 295 AD2d 693, 695 [2002]; Matter of Gregory v Board of Appeals of Town of Cambria, 87 AD2d 1000, 1000 [1982], affd 57 NY2d 865 [1982]).
Respondents' arguments in support of charging petitioners with constructive notice of the determination and commencing the 60-day period from that date have no import here, where the statute provides a clear mechanism that starts the 60-day period. Such arguments lead to a plethora of possible starting dates, illustrating the pernicious ambiguity [*3]and uncertainty that the statute is designed to eliminate. Accordingly, Supreme Court erred in determining that petitioners' administrative appeal to the BZA was time-barred. As "[p]lanning boards are without power to interpret the local zoning law, as that power is vested exclusively in local code enforcement officials and the zoning board of appeals" (Matter of Swantz v Planning Bd. of Vil. of Cobleskill, 34 AD3d 1159, 1160 [2006]; see Matter of Kodogiannis v Zoning Bd. of Appeals of Town of Malta, 42 AD3d 739, 740 [2007]), we remit the matter to the BZA to determine petitioners' administrative appeal. In light of our determination, petitioners remaining contentions have been rendered academic.
Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as granted respondents' motions for summary judgment dismissing proceeding No. 2; said motions denied and matter remitted to respondent City of Ithaca Board of Zoning Appeals for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Supreme Court dismissed the first proceeding on the ground that it challenged a nonfinal determination and was therefore not ripe for judicial review. Petitioners have abandoned the dismissal of this proceeding by failing to address any issues with respect thereto in their appellate brief (see Doe v Heckeroth Plumbing & Heating of Woodstock, Inc., 192 AD3d 1236, 1238 n 2 [2021]).