Matter of O'Malley v Town of New Windsor Planning Bd. (2024 NY Slip Op 02537)

Matter of O'Malley v Town of New Windsor Planning Bd.

2024 NY Slip Op 02537

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-05538
 (Index No. 9208/19)

[*1]In the Matter of John O'Malley, et al., petitioners-respondents, 
v
Town of New Windsor Planning Board, respondent, Toleman Road Associates, Ltd., et al., respondents-appellants; Stewart Hill, LLC, proposed intervenor-appellant.

Whiteman Osterman & Hanna LLP, Albany, NY (Robert S. Rosborough IV and Hilda R. Marinello of counsel), for respondents-appellants and proposed intervenor-appellant.
Sussman and Associates, Goshen, NY (Michael H. Sussman and Jonathan R. Goldman of counsel), for petitioners-respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town of New Windsor Planning Board dated November 13, 2019, which, after a hearing, granted conditional site plan approval for the development of an industrial park, Toleman Road Associates, Ltd., Rock Tavern Village, L.P., Henry Van Leeuwen, the estate of Lester A. Clark, and Stewart Hill, LLC, appeal from an order and judgment (one paper) of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated March 10, 2020. The order and judgment, insofar as appealed from, granted the petition to the extent that it annulled the determination of the Town of New Windsor Planning Board dated November 13, 2019, on the ground that the determination was arbitrary and capricious, and denied the motion of Stewart Hill, LLC, for leave to intervene in the proceeding.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof granting the petition to the extent that it annulled the determination of the Town of New Windsor Planning Board dated November 13, 2019, on the ground that the determination was arbitrary and capricious, and substituting therefor a provision denying the petition and dismissing the proceeding; as so modified, the order and judgment is affirmed insofar as appealed from, with costs payable by the petitioners to Toleman Road Associates, Ltd., Rock Tavern Village, L.P., Henry Van Leeuwen, and the estate of Lester A. Clark.
In November 2017, Henry Van Leeuwen filed an application with the Town of New Windsor Planning Board (hereinafter the Planning Board) for the approval of a site plan for the development of an industrial park located in Orange County. At a hearing in September 2018, the Planning Board Engineer reported to the Planning Board that the site plan complied with the relevant zoning laws. On November 13, 2019, the Planning Board issued a resolution conditionally approving the site plan.
In November 2019, the petitioners commenced this proceeding pursuant to CPLR [*2]article 78, inter alia, to annul the determination of the Planning Board dated November 13, 2019, conditionally approving the site plan, on the ground that the determination was arbitrary and capricious. Stewart Hill, LLC (hereinafter Stewart Hill), the contract vendee of the project site, thereafter moved for leave to intervene in the proceeding. In an order and judgment dated March 10, 2020, the Supreme Court granted the petition to the extent that it annulled the determination of the Planning Board dated November 13, 2019, on the ground that the determination was arbitrary and capricious, and denied Stewart Hill's motion for leave to intervene. Toleman Road Associates, Ltd., Rock Tavern Village, L.P., Leeuwen, the estate of Lester A. Clark, and Stewart Hill appeal.
"It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57). "This doctrine . . . reliev[es] the courts of the burden of deciding questions entrusted to an agency, prevent[s] premature judicial interference with the administrators' efforts to develop[ ] . . . a co-ordinated, consistent and legally enforceable scheme of regulation," and allows the agency "to prepare a record reflective of its expertise and judgment" (id. at 57 [citation and internal quotation marks omitted]; see Crystal Pond Homes v Prior, 267 AD2d 383, 383-384). "Planning boards are without power to interpret the local zoning law, as that power is vested exclusively in local code enforcement officials and the zoning board of appeals" (Matter of Swantz v Planning Bd. of Vil. of Cobleskill, 34 AD3d 1159; see Grout v Visum Dev. Group LLC, 197 AD3d 1404, 1407; Matter of East Moriches Prop. Owners' Assn., Inc. v Planning Bd. of Town of Brookhaven, 66 AD3d 895, 897; see also Gershowitz v Planning Bd. of Town of Brookhaven, 52 NY2d 763, 765).
As required by Code of the Town of New Windsor § 300-86(D)(3), the Planning Board Engineer reported to the Planning Board that the proposed site plan met all applicable zoning laws. Since the Town's Zoning Board of Appeals had the authority to review determinations of administrative officials with respect to local zoning laws (see Town Law § 267-a[4]; Code of Town of New Windsor § 300-84[A]), the petitioners were required to challenge the determination of the Planning Board Engineer before the Zoning Board of Appeals (see Matter of Swantz v Planning Bd. of Vil. of Cobleskill, 34 AD3d at 1160-1161; Matter of Levine v Town of Clarkstown, 307 AD2d 997, 999; Sabatini v Incorporated Vil. of Kensington, 284 AD2d 320, 321; see generally Matter of Gershowitz v Planning Bd. of Town of Brookhaven, 52 NY2d 763). The petitioners therefore failed to exhaust their administrative remedies and the Supreme Court should have denied the petition and dismissed the proceeding.
We need not reach the parties' remaining contentions in light of our determination.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court