■ MICHAEL J. COX, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. — Order of Supreme Court, New York County (William P. McCooe, J.), entered February 9, 1984, which granted to a limited extent plaintiff's motion to compel

compliance with his notice for discovery and inspection, is unanimously modified to the extent of remanding the matter to Special Term for an *in camera* inspection of defendant police officer's personnel file, and the order is otherwise affirmed, without costs.

Plaintiff seeks to recover for personal injuries he suffered as a result of being shot by an off-duty Housing Police officer during an argument arising from a traffic incident. His complaint alleges, *inter alia,* that defendant Housing Authority negligently hired and trained defendant police officer and failed to monitor his psychiatric health. Plaintiff requested discovery and inspection of defendant police officer's personnel records. After the Housing Authority refused to comply, on the ground that such information was confidential pursuant to section 50-a of the Civil Rights Law, plaintiff moved to compel compliance and for an *in camera* determination of whether these records were, in fact, material and relevant to his pending action, and therefore discoverable.

Special Term ordered defendant to comply with part of plaintiff's request (not at issue here), but deferred the bulk of *in camera* review to the trial court. From this order plaintiff appeals.

Under section 50-a of the Civil Rights Law, two standards must be met to justify disclosure of a police officer's personnel file. First, there must be a "clear showing of facts sufficient to warrant the judge to request records for review", and then the court must "make a determination as to whether the records are relevant and material in the action before him." (Civil Rights Law, § 50-a, subds 2, 3; *People v Gissendanner,* 48 NY2d 543.) The first of these two standards must be viewed liberally because, in the usual case, a party seeking discovery will, of course, not know precisely what pertinent information is within a personnel record; thus, a strict reading would render the statute meaningless (*People v Morales,* 97 Misc 2d 733).

We believe plaintiff has satisfied this first standard of the statute. He has alleged in his bill of particulars that the defendant police officer shot him without provocation, and that defendant Housing Authority negligently hired and supervised this officer. Therefore, the officer's personnel record may certainly prove to be material and relevant. The court below did recognize this.

However, as this court pointed out in *Matter of Thomas v New York City Tr. Police Dept.* (91 AD2d 898), a determination of relevance and materiality can only be made after an *in camera* examination of the records by Special Term. If performed *ab*

*initio* by the Special Term Justice, all proper and necessary discovery will take place well before trial. This will provide for an early narrowing of the issues, thus saving time and preserving resources, to the benefit of both the court and the litigants. Concur — Ross, J. P., Carro, Fein and Kassal, JJ.