OPINION OF THE COURT
George J. Balbach, J.
Defendant, herein, has been indicted for bribery in the second degree (two counts) and attempted bribery in the second degree.
On October 8, 1985, this court signed two subpoenas duces tecum: (1) to the State of New York, Office of the Special Prosecutor "for in-camera inspection of the Internal Affairs Personnel file for Special Investigator Raymond Booth” and (2) to the New York City Police Department, Internal Affairs Division "for in-camera inspection of the Internal Affairs Division records pertaining to: Detective John Medina, Shield No. 3440, 83 PDU; Detective Gaspar Cardi, Shield No. 1569, 83 PDU”.
The People now move to quash said subpoenas.
Prior to the enactment of Civil Rights Law § 50-a, numerous lower courts sought to define the limitations of obtaining police personnel records via a subpoena duces tecum. In 1979, the Court of Appeals in People v Gissendanner (48 NY2d 543, 547-548), set forth the standards to be followed in obtaining *97 such information recognizing "the tension between the constitutionally based rights of an accused to confront and cross-examine adverse witnesses on the one hand, and the interest of the State and its agents in maintaining confidential data relating to performance and discipline of police on the other.”*
The crux of the court’s decision was that a defendant’s request for police records must put forth "in good faith * * * some factual predicate which would make it reasonably likely that the file will bear such fruit and that the quest for its contents is not merely a desperate grasping at a straw” (supra, at p 550).
Civil Rights Law § 50-a states:
"1. All personnel records, used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state or any political subdivision thereof including authorities or agencies maintaining police forces of individuals defined as police officers in section 1.20 of the criminal procedure law and such personnel records under the control of a sheriff’s department or a department of correction of individuals employed as correction officers shall be considered confidential and not subject to inspection or review without the express written consent of such police officer or correction officer except as may be mandated by lawful court order.
"2. Prior to issuing such court order the judge must review all such requests and give interested parties the opportunity to be heard. No such order shall issue without a clear showing of facts sufficient to warrant the judge to request records for review.
"3. If, after such hearing, the judge concludes there is a sufficient basis he shall sign an order requiring that the personnel records in question be sealed and sent directly to him. He shall then review the file and make a determination as to whether the records are relevant and material in the action before him. Upon such a finding the court shall make those parts of the record found to be relevant and material available to the persons so requesting.
*98 "4. The provisions of this section shall not apply to any district attorney or his assistants, the attorney general or his deputies or assistants, a county attorney or his deputies or assistants, a corporation counsel or his deputies or assistants, a town attorney or his deputies or assistants, a village attorney or his deputies or his assistants, a grand jury, or any agency of government which requires the records described in subdivision one, in the furtherance of their official functions.” (Emphasis added.)
The above statute enumerates two standards that must be met to justify disclosure of a police officer’s personnel file: (1) a "clear showing of facts [by the defendant] sufficient to warrant the judge to request records for review”; and (2) "a determination [made by the court] as to whether the records are relevant and material in the action before him.” (Civil Rights Law § 50-a [2], [3]; Cox v New York City Hous. Auth., 105 AD2d 663; People v Gissendanner, supra.)
It has been held that "[t]he first of these two standards must be viewed liberally because, in the usual case, a party seeking discovery will, of course, not know precisely what pertinent information is within a personnel record; thus, a strict reading would render the statute meaningless” (Cox v New York City Hous. Auth., supra, at p 664).
In this court’s opinion, this is analogous to a defense counsel making a motion to dismiss an indictment as part of his omnibus motion, in accordance with CPL 210.20 and 210.35, where, for example, upon information and belief, he alleges various irregularities in the secret Grand Jury proceedings of which he played no part.
As stated in People v Morales (97 Misc 2d 733, 740): "If section 50-a of the Civil Rights Law is to be of utility, the first standard contained therein must be interpreted liberally. In the usual case there will be no way for a defendant to know what the personnel file will contain.”
In the case at bar, defendant alleges that if the officers named in the above-cited subpoenas duces tecum "were investigated for alleged bribe-taking at the time of the instant alleged crimes, or prior or subsequently thereto * * * the. information in the personnel files '. . . carries a potential for establishing the unreliability of either the criminal charge or of a witness upon whose testimony it depends.’ ” (Citing People v Gissendanner, supra, at p 550.)
While the court agrees with the People, citing People v Lugo *99 (93 Misc 2d 195, 199), that "the personnel records of a police officer should not be examined by a Magistrate, prosecutor or defense counsel each time an arrest is made”, in a situation such as the instant, where the statutes pertaining to bribery of a public servant places the police in a pivotal position of being a necessary party to the alleged crimes, said records might very well bear some relevance and materiality in the prosecution of these crimes. (See, Penal Law §§ 200.00, 10.00 [15].)
Therefore, it is the opinion of this court, in accordance with Civil Rights Law § 50-a, that the motion to quash be denied as to those parts of the personnel files which pertain to evaluation towards continued employment or promotion, and granted as to those portions which do not fall within this classification. Said records are to be sealed and sent directly to Chambers for an in camera examination. At the conclusion of such examination the court will determine the relevancy and materiality of the records in question and whether any information contained therein should be made available to defense counsel. (People v Zanders, 95 Misc 2d 82; People v Grosunor, 108 Misc 2d 932.)

 Although Civil Rights Law § 50-a was enacted prior to the People v Gissendanner decision (48 NY2d 543), the underlying prosecution occurred before the effective date of said statute and therefore the Court of Appeals, while reaching its decision, "dehors the statute” (supra, at p 551) noted that the codified standards fairly reflected the preexisting consensus in such situations.