OPINION OF THE COURT
Allan L. Winick, J.
This is an application pursuant to New York Civil Rights Law § 50-a for an order permitting an in camera inspection and disclosure of personnel records of New York City Police Officer James Lien.
*253 It appears from the papers that plaintiff and defendant were partners in business. This relationship broke down and a dissolution is pending. James Lien, a New York City police officer, is the brother of the plaintiff. Defendant contends that James Lien came to his home and questioned him in an abusive manner; that he repeatedly accused defendant of defrauding the plaintiff; and that James Lien repeatedly threatened him and secretly recorded a meeting between them. As a result of this alleged conduct, defendant filed a complaint with the New York City Civilian Complaint Review Board.
Defendant contends that Lien’s personnel records are likely to contain information which will demonstrate that the tape-recorded statements were not voluntarily made. He contends that the records will also contain information concerning the investigation by the Civilian Complaint Review Board. He alleges that the file may contain improper use of threats by Lien on other occasions.
Civil Rights Law § 50-a makes personnel records of police officers confidential and not subject to inspection or review without the written consent of such police officer, except as may be mandated by lawful court order. Prior to issuing such court order, the Judge must review all such requests and give interested parties the opportunity to be heard. There must be a demonstration of a clear showing of facts sufficient to warrant the Judge to request records for review. Upon examination, the court must review the file and make a determination as to whether the records are relevant and material to the person requesting them.
The legislative intent underlying the enactment of Civil Rights Law § 50-a is narrowly specific, to prevent time-consuming and perhaps vexatious investigating into irrelevant collateral matters in the context of a civil or criminal action. (Matter of Capital Newspapers v Burns, 67 NY2d 562, 569.) The movant is required to offer in good faith a factual predicate for providing access to the requested records. The threshold requirement of Civil Rights Law § 50-a is designed to eliminate fishing expeditions into police officers’ personnel files for collateral materials. (Becker v City of New York, 162 AD2d 488.)
In support of the motion, movant cites numerous cases granting such relief. However, in every case, except one, the personnel records requested related to a police officer who was *254 either a civil or criminal litigant. (Becker v City of New York, supra; Taran v State of New York, 140 AD2d 429; Lawrence v City of New York, 118 AD2d 758; Cox v New York City Hous. Auth., 105 AD2d 663.) In addition, defendant cites People v Herrera (131 Misc 2d 96). Although the police officer in that case is not a party to the action, he was still acting within the scope of his employment. The Herrera court found such release relevant because the officers were being contemporaneously investigated for bribery at the time the alleged crime with which defendant Herrera was charged, occurred. The court, under those circumstances, found the information in the personnel files carried a potential for establishing the unreliability of either the criminal charge or the witness upon whose testimony it depended.
In the instant case, James Lien was not acting within the scope of his employment as a police officer. Nor is he a litigant in this contract action. Rather, he is a potential witness to what appears to this court to be collateral matters. No demonstration is made here that the records will contain information indicating that the witness will be unreliable. The burden is on the defendant to show that a witness’ record may provide a motive to falsify, or that the records are peculiarly relevant to the instant litigation. (People v Gissendanner, 48 NY2d 543, 549.) The courts have denied such access when the movant failed to demonstrate anything of relevancy and materiality, but instead merely desired the opportunity for an unrestrained foray into confidential records in the hope of unearthing some unspecified information which would enable him to impeach the witness.
There is no demonstration here which would cause this court to grant the relief requested. Because defendant movant instituted a complaint to the Civilian Complaint Review Board, and the records may contain information with respect to this investigation, is not a sufficient reason to compel disclosure of these records. All that defendant’s affidavit contains is conjecture. That is not sufficient under the applicable case law to grant this relief.
For all the foregoing reasons, the motion is denied.