■ RICHARD DOINO, Respondent, v BERNARD MELTZER, Appellant. [617 NYS2d 854] —In an action for the judicial dissolution of certain partnerships, and for an accounting, the defendant appeals, from so much of an order of the Supreme Court, Nassau County (Winick, J.) dated May 4, 1993, as, inter alia, denied that branch of his cross motion which was to dismiss the complaint based on the plaintiff's failure to comply with an order directing him to produce certain tape recordings.

Ordered that the order is reversed, insofar as appealed from, as a matter of discretion, with costs, that branch of the defendant's cross motion which was to dismiss the complaint is granted, and the complaint is dismissed.

In November 1989 the defendant demanded from the plaintiff the production of certain tape recordings. In March 1990 the Supreme Court granted the defendant's unopposed motion for an order compelling the production of these tapes. The plaintiff eventually produced a single tape.

In subsequent depositions, the plaintiff was extremely evasive with respect to the existence and whereabouts of the remaining tapes. Throughout 1990 the plaintiff was uncooperative. On February 26, 1991, the plaintiff's deposition resumed, and he testified that he had willfully destroyed all but the one tape he had previously produced. When asked why the tapes had been destroyed, the best the plaintiff could do was to testify, "it was an odd situation".

We agree with the Supreme Court that "[t]he only conclusion * * * is that [the] plaintiff willfully destroyed these tapes". Under these and all the additional circumstances revealed in the record on appeal, the Supreme Court should have unconditionally dismissed the complaint (CPLR 3126; *Wolfson v Nassau County Med. Ctr.,* 141 AD2d 815; *Scharlack v Richmond Mem. Hosp.,* 127 AD2d 580). Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur. *[See,* 157 Misc 2d 252.]