■ Zainab Annan, Plaintiff, and Rodney Blake, Respondent, v Mohamed E. Abdelaziz et al., Appellants. [889 NYS2d 481]—

The defendants met their prima facie burden of showing that the plaintiff Rodney Blake did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, Blake failed to raise a triable issue of fact. Initially, Blake's medical record from Staten Island Chiropractic Associates failed to raise a triable issue of fact because it was uncertified and unauthenticated and, thus, not in admissible form (*see* CPLR 4518 [c]; *Stock v Otis El. Co.*, 52 AD3d 816 [2008]). Moreover, the narrative reports of physicians and other health care providers contained in the medical record are unsworn and, thus, also not in admissible form (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Sutton v Yener*, 65 AD3d 625 [2009]; *McNeil v New York City Tr. Auth.*, 60 AD3d 1018 [2009]; *Sapienza v Ruggiero*, 57 AD3d 643 [2008]).

The affidavit of Blake's treating chiropractor Dr. Denny Julewicz also failed to raise a triable issue of fact. While Julewicz noted that Blake had significant limitations in the ranges of motion of the lumbar and cervical regions of his spine upon initial testing conducted on July 14, 2004, no such significant limitations existed when Blake was re-examined on November 14, 2008. In fact, on November 14, 2008 Blake had normal lumbar spine range of motion. While Blake showed some cervical spine limitation upon the testing on November 14, 2008 those limitations were not significant within the meaning of Insurance Law § 5102 (d), and did not amount to a serious injury (*see Waldman v Dong Kook Chang*, 175 AD2d 204 [1991]; *see also Trotter v Hart*, 285 AD2d 772 [2001]).

Blake also failed to raise a triable issue of fact as to whether he sustained a medically-determined injury of a nonpermanent nature which prevented him from performing his usual and customary daily activities for 90 of the 180 days following the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

In this case, the plaintiff was cleared by his own physician to return to work within one month of the subject accident. Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.