■ NOEL BROWN, as Administrator of the Estate of SHARON BROWN, Deceased, Respondent, v ADDISON HALL OWNERS CORP. et al., Appellants. [24 NYS3d 595]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered April 13, 2015, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action alleging a slip and fall on a wet floor inside defendants' building shortly after it had been raining, triable issues of fact exist as to defendants' claimed lack of notice and their precautions in light of the dangerous condition. Even though the building doorman testified that there was no wet condition when he left for lunch 40 minutes before the accident, the building's "either . . . negligent or willful" failure to preserve the entire surveillance video of the area where plaintiff slipped and fell is sufficient under the circumstances of this case to defeat summary judgement at this time, with the specific spoliation sanction, if any, to be determined at trial (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 2015 NY Slip Op 09187 [2015]). Contrary to the defendant's contention, the court's prior order regarding production of the entire

surveillance video, which was denied without prejudice, has no preclusive effect.

Although defendants were not required to mop continuously, and there was testimony that they usually mopped when it rained, there was no evidence that they mopped at all on the day of the accident (*see e.g. Lorenzo v Plitt Theatres*, 267 AD2d 54, 56 [1st Dept 1999]). Furthermore, while defendants were not required to cover the entire floor with mats, under the facts of this case the gap between the mat and the stairs raised an issue of fact as to the adequacy of defendants' precautions.

We have considered defendants' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Gische, JJ.