■ UMS Solutions, Inc., Doing Business as Universal Ultrasound, et al., Appellants, v Biosound Esaote, Inc., et al., Defendants, and Vetel Diagnostics, Inc., Respondent. [41 NYS3d 914]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), entered January 22, 2015, as denied that branch of their motion which was for leave to renew their opposition to the motion of the defendants Jeff Fishel, Michael Collins, and Vetel Diagnostics, Inc., pursuant to CPLR 3126 to strike the complaint on the ground of spoliation of evidence, which had been granted in an order of the same court entered October 9, 2012.

Ordered that the order entered January 22, 2015, is affirmed insofar as appealed from, with costs.

In August 2010, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract against, among others, the defendants Jeff Fishel, Michael Collins, and Vetel Diagnostics, Inc. (hereinafter collectively the defendants). In an order entered October 9, 2012, the Supreme Court granted the defendants' motion pursuant to CPLR 3126 to strike the complaint on the ground of spoliation of evidence. In a companion appeal, this Court is affirming that order insofar as appealed from (*see UMS Solutions, Inc. v Biosound Esaote, Inc.*, 145 AD3d 831 [2016] [decided herewith]).

In September 2014, the plaintiffs moved, inter alia, for leave to renew their opposition to the defendants' prior motion, in reliance on a police report dated June 13, 2011, which was not submitted in opposition to the prior motion. In an order entered January 22, 2015, the Supreme Court, among other things, denied that branch of the plaintiffs' motion which was to renew

their opposition to the defendants' prior motion. The plaintiffs appeal.

The plaintiffs failed to offer a reasonable justification as to why they did not submit the police report dated June 13, 2011, in opposition to the defendants' prior motion (*see* CPLR 2221 [e] [3]; *Anglero v Hanif*, 140 AD3d 905, 907 [2016]), or to demonstrate that they acted with due diligence to obtain the police report (*see Yarde v New York City Tr. Auth.*, 4 AD3d 352, 353 [2004]). In any event, the newly submitted evidence would not have changed the prior determination (*see* CPLR 2221 [e] [2]).

Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to renew their opposition to the defendants' motion pursuant to CPLR 3126 to strike the complaint on the ground of spoliation of evidence.

The plaintiffs' remaining contention is not properly before this Court (*see Hatem v Hatem*, 83 AD3d 663, 664 [2011]). Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.