■ UMS SOLUTIONS, INC., Doing Business as UNIVERSAL ULTRASOUND, et al., Appellants, v BIOSOUND ESAOTE, INC., et al., Defendants, and VETEL DIAGNOSTICS, INC., Respondent. [44 NYS3d 93]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), entered October 9, 2012, as granted the motion of the defendants Jeff Fishel, Michael Collins, and Vetel Diagnostics, Inc., pursuant to CPLR 3126 to strike the complaint on the ground of spoliation of evidence.

Ordered that the order is affirmed insofar as appealed from, with costs.

In August 2010, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract against, among others, the defendants Jeff Fishel, Michael Collins, and Vetel Diagnostics, Inc. (hereinafter collectively the defendants). In March 2011, the Supreme Court held a hearing regarding the plaintiffs' alleged spoliation of evidence. At the hearing, Ryan Hunter Hill, an employee of the plaintiff Universal Medical Systems, Inc., testified that Peter Brunelli, the president of both of the plaintiffs, directed him to review emails and physical documents in anticipation of filing this action. Hill further testified that Brunelli personally destroyed 17 to 20 physical documents, and ordered another employee, Gabriel Martin, to

delete certain emails from the plaintiffs' server. Hill testified that he had saved some of the deleted emails to a laptop, an external hard drive that he had with him in court, and an external hard drive located at his apartment in Florida. Brunelli and Martin denied Hill's allegations.

In April 2011, the Supreme Court appointed an independent computer expert to examine and analyze the various electronic devices at issue, including Hill's laptop and external hard drives. Shortly before the appointment of the computer expert, Brunelli went to Hill's apartment in Florida to retrieve certain company property, and was permitted to enter the apartment by the landlord. In May 2011, Hill reported to the police that numerous items had been stolen from his Florida apartment, including the external hard drive he had identified at the hearing. In June 2011 the independent expert reported that it had completed its examination of the devices it had been given, and had recovered more than 600,000 deleted files. In October 2011, the defendants moved pursuant to CPLR 3126 to strike the complaint on the ground of spoliation of evidence. The Supreme Court, inter alia, granted the motion, and the plaintiffs appeal.

"To support a determination of sanctions pursuant to CPLR 3126, the moving party must demonstrate that the responsible party's actions were 'willful and contumacious' " (*Falcone v Karagiannis*, 93 AD3d 632, 633 [2012], quoting *Denoyelles v Gallagher*, 40 AD3d 1027, 1027 [2007]). "Similarly, under the common-law doctrine of spoliation, 'when a party negligently loses or intentionally destroys key evidence, thereby depriving the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading' " (*Denoyelles v Gallagher*, 40 AD3d at 1027, quoting *Baglio v St. John's Queens Hosp.*, 303 AD2d 341, 342-343 [2003]). "The determination of a sanction for spoliation is within the broad discretion of the court" (*Falcone v Karagiannis*, 93 AD3d at 634).

Here, according deference to the Supreme Court's credibility determinations (*see Chusid v Silvera*, 110 AD3d 659, 659 [2013]; *Norwest Mtge. v Diaz*, 273 AD2d 211, 211 [2000]), we find that the record supports the court's determination that Brunelli intentionally destroyed evidence in anticipation of litigation, and took an external hard drive from Hill's apartment in Florida before it could be examined. Where, as here, the spoliation is the result of intentional or willful conduct, the relevance of the destroyed evidence is presumed (*see Pegasus Aviation I, Inc. v Varig Logistica S.A.*, 26 NY3d 543, 547 [2015]; *Arbor Realty Funding, LLC v Herrick, Feinstein LLP*, 140 AD3d

607, 609 [2016]; *Hameroff & Sons, LLC v Plank, LLC*, 108 AD3d 908, 909-910 [2013]). Consequently, the sanction of striking the complaint was appropriate under the circumstances presented (*see Ingoglia v Barnes & Noble Coll. Booksellers, Inc.*, 48 AD3d 636 [2008]; *Sage Realty Corp. v Proskauer Rose*, 275 AD2d 11, 17-18 [2000]; *Doino v Meltzer*, 208 AD2d 798 [1994]).

Accordingly, the Supreme Court providently exercised its discretion in granting the defendants' motion pursuant to CPLR 3126 to strike the complaint. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.