In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dufficy, J.), entered August 2, 2016, which granted the motion of the defendant Me-Me Supermarket, Inc., for summary judgment dismissing the complaint insofar as asserted against it and denied her cross motion pursuant to CPLR 3126 to impose sanctions against the defendant Me-Me Supermarket, Inc., for spoliation of evidence.
 

 Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the motion of the defendant Me-Me Supermarket, Inc., for summary judgment dismissing the complaint insofar as asserted against it is denied, the plaintiff’s cross motion pursuant to CPLR 3126 to impose sanctions against the defendant Me-Me Supermarket, Inc., for spoliation of evidence is granted to the extent of directing that an adverse inference charge be given at trial against that defendant with respect to the video recording of the underlying incident, and the cross motion is otherwise denied.
 

 On May 22, 2013, the plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her on November 21, 2012, when she slipped and fell on a grape at a supermarket operated by the defendant Me-Me Supermarket, Inc. (hereinafter Me-Me). An accident report completed by a store employee noted that the plaintiff’s accident was recorded by a store video camera. The plaintiff demanded production of the video recording, but Me-Me was unable to comply with the demand. At his deposition, Jose Rodriguez, a Me-Me manager, testified that the accident was recorded on surveillance video, which was saved electronically on a store computer, but the computer was damaged during renovations that occurred in the summer and fall of 2013, and the video could not be retrieved. Me-Me moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-moved pursuant to CPLR 3126 to impose sanctions against Me-Me for spoliation of the video recording capturing the accident. The Supreme Court granted Me-Me’s motion and denied the plaintiffs cross motion. We reverse.
 

 “In a premises liability case, a defendant property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence” (Kyte v Mid-Hudson Wendico, 131 AD3d 452, 453 [2015]; see Pampalone v FBE Van Dam, LLC, 123 AD3d 988 [2014]). To provide constructive notice, “a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant’s employees to discover and remedy it” (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). “To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell” (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]). “Reference to general cleaning practices is insufficient to establish a lack of constructive notice in the absence of evidence regarding specific cleaning or inspection of the area in question” (Rong Wen Wu v Arniotes, 149 AD3d 786, 787 [2017]; see Mahoney v AMC Entertainment, Inc., 103 AD3d 855 [2013]; Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs., 86 AD3d 551, 552 [2011]; Birnbaum v New York Racing Assn., Inc., 57 AD3d at 598-599).
 

 Here, in support of its motion for summary judgment, Me-Me failed to demonstrate, prima facie, inter alia, that it lacked constructive notice of the condition alleged. At best, the deposition testimony of Rodriguez, who was not working at the time of the accident, merely referred to general cleaning practices of Me-Me and provided no evidence regarding any specific cleaning or inspection of the area in question on the day of the plaintiff’s fall (see Mahoney v AMC Entertainment, Inc., 103 AD3d 855 [2013]; Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs., 86 AD3d 551 [2011]). An unauthenticated cleaning log submitted in support of Me-Me’s motion was not in admissible form and, therefore, was of no evidentiary value in the consideration of Me-Me’s motion (see Annan v Abdelaziz, 68 AD3d 794, 795 [2009]; Lampel v Sergel, 297 AD2d 709, 710 [2002]). Since Me-Me failed to meet its prima facie burden, its motion should have been denied without regard to the sufficiency of the plaintiff’s papers in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
 

 “A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party’s claim or defense such that the trier of fact could find that the evidence would support that claim or defense” (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015] [internal quotation marks omitted]; see Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1032 [2017]). “Where the evidence is determined to have been intentionally or wil-fully destroyed, the relevancy of the destroyed [evidence] is presumed” (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547, citing Zubulake v UBS Warburg LLC, 220 FRD 212, 220 [SD NY 2003]). “On the other hand, if the evidence is determined to have been negligently destroyed, the party seeking spoliation sanctions must establish that the destroyed [evidence] [was] relevant to the party’s claim or defense” (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548).
 

 Here, the plaintiff established that Me-Me was under an obligation to preserve the video recording of the accident, that the video recording was negligently destroyed, and that the recording was relevant to proving her case (see id. at 547; cf. Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d 593 [2017]). Under these circumstances, a sanction was warranted (see Burke v Queen of Heaven R.C. Elementary Sch., 151 AD3d 1608, 1609 [2017]).
 

 Courts “possess broad discretion to provide proportionate relief to a party deprived of lost or destroyed evidence, including the preclusion of proof favorable to the spoliator to restore balance to the litigation, requiring the spoliator to pay costs to the injured party associated with the development of replacement evidence, or employing an adverse inference instruction at the trial of the action” (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 551). “Recognizing that striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct, courts will consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness” (Iannucci v Rose, 8 AD3d 437, 438 [2004]; see Peters v Hernandez, 142 AD3d 980, 981 [2016]). “A less severe sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her defense or case” (Iannucci v Rose, 8 AD3d at 438). “[A]dverse inference charges have been found to be appropriate even in situations where the evidence has been found to have been negligently destroyed” (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 554).
 

 The plaintiff contends that Me-Me’s answer should be stricken for its spoliation of the video recording or, in the alternative, that an adverse inference charge should be given at trial with respect to the lost recording. Since Me-Me’s loss of the video recording was negligent rather than intentional, and the loss of the recording does not completely deprive the plaintiff of the ability to prove her case, the appropriate sanction is to direct that an adverse inference charge be given at trial with respect to the unavailable recording (see Peters v Hernandez, 142 AD3d at 981; Giuliano v 666 Old Country Rd., LLC, 100 AD3d 960, 962 [2012]).
 

 Balkin, J.R, Hinds-Radix, Duffy and Connolly, JJ., concur.