Squillacioti v Independent Group Home Living Program, Inc. (2018 NY Slip Op 08343)





Squillacioti v Independent Group Home Living Program, Inc.


2018 NY Slip Op 08343


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-10890
 (Index No. 69998/14)

[*1]Barbara Squillacioti, etc., et al., appellants,
v
Independent Group Home Living Program, Inc., et al., respondents.


Vlock & Associates, P.C., New York, NY (Steven P. Giordano of counsel), for appellants.
Hardin, Kundla, McKeon & Poletto, P.A. (David C. Blaxill and Stephanie C. Gorin of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 14, 2017. The order denied the plaintiffs' motion pursuant to CPLR 3126 to impose sanctions against the defendants for spoliation of evidence.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiffs' motion pursuant to CPLR 3126 to impose sanctions against the defendants for spoliation of evidence is granted to the extent of directing that an adverse inference charge be given at trial against the defendants with respect to the personnel file of Rosa Escajadillo, and is otherwise denied.
The plaintiffs, coguardians of Nicholas Squillacioti, an adult who is blind and nonverbal and has physical and cognitive disabilities, commenced this action in November 2014 alleging, inter alia, that the defendants, owners and operators of a "respite care" facility, negligently trained and supervised their employees in caring for Nicholas, which caused him to sustain fractures of his right leg. Thereafter, in November 2015, the plaintiffs sought certain discovery concerning witnesses to the manner in which Nicholas was injured and the employees who were working at the time. In March 2016, the defendants named Rosa Escajadillo, among others, as a potential witness. After the defendants' motion to strike the plaintiffs' demands was denied in large part in July 2016, the defendants disclosed that Escajadillo had unsuccessfully attempted to stand Nicholas up from a chair during his care at the facility. When the plaintiffs sought Escajadillo's personnel file shortly after this disclosure, the defendants informed them that the file had been destroyed in January 2016 pursuant to their document retention policy. Subsequent depositions of two employees of the defendants revealed that Escajadillo's employment had been terminated shortly after Nicholas sustained his injuries because she failed a drug test, but those employees could provide no further information concerning Escajadillo's hiring, training, disciplinary history, or termination.
The plaintiffs then moved pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, for an adverse inference charge to be given at trial due to the defendants' [*2]spoliation of evidence. In an order dated September 14, 2017, the Supreme Court denied the motion. The plaintiffs appeal.
"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Eksarko v Associated Supermarket, 155 AD3d 826, 828; VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45). "Where the evidence is determined to have been intentionally or wilfully destroyed, the relevancy of the destroyed documents is presumed" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547; see Eksarko v Associated Supermarket, 155 AD3d at 828; UMS Solutions, Inc. v Biosound Esaote, Inc., 145 AD3d 831, 832). "On the other hand, if the evidence is determined to have been negligently destroyed, the party seeking spoliation sanctions must establish that the destroyed documents were relevant to the party's claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548; see Eksarko v Associated Supermarket, 155 AD3d at 828).
The Supreme Court has broad discretion to determine a sanction for the spoliation of evidence (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 551). Striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct and, in order to impose such a sanction, the court " will consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness'" (Eksarko v Associated Supermarket, 155 AD3d at 829, quoting Iannucci v Rose, 8 AD3d 437, 438; see UMS Solutions, Inc. v Biosound Esaote, Inc., 145 AD3d at 833; Jennings v Orange Regional Med. Ctr., 102 AD3d 654, 655). In contrast, where the moving party has not been deprived of the ability to establish his or her case or defense, a less severe sanction is appropriate (see Eksarko v Associated Supermarket, 155 AD3d at 828; Peters v Hernandez, 142 AD3d 980, 981; Jennings v Orange Regional Med. Ctr., 102 AD3d at 655; Tapia v Royal Tours Serv., Inc., 67 AD3d 894, 896; Iannucci v Rose, 8 AD3d at 438). Where evidence has been found to have been negligently destroyed, adverse inference charges have been found to be appropriate (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 554; Eksarko v Associated Supermarket, 155 AD3d at 828).
Here, because the plaintiffs asserted causes of action alleging negligent training and supervision, the defendants' knowledge of any prior wrongdoing by its employees and information concerning their training are issues central to the plaintiffs' causes of action, and the employees' personnel files would be critical in determining those issues (see Alleva v United Parcel Serv., Inc., 112 AD3d 543, 545; Tapia v Royal Tours Serv., Inc., 67 AD3d at 896). In support of their motion, the plaintiffs established that the defendants improperly failed to "suspend [their] routine document retention/destruction policy and put in place a litigation hold' to ensure the preservation of relevant documents'" (VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d at 36, quoting Zubulake v UBS Warburg LLC, 220 FRD 212, 218), resulting in the negligent destruction of Escajadillo's personnel file. However, the plaintiffs did not demonstrate that they were deprived of the ability to establish their case. Accordingly, the drastic sanction of striking the defendants' answer is not appropriate (see Alleva v United Parcel Serv., Inc., 112 AD3d at 544; Jennings v Orange Regional Med. Ctr., 102 AD3d at 656; Tapia v Royal Tours Serv., Inc., 67 AD3d at 896), but the lesser sanction of directing that an adverse inference charge be given at trial with respect to Escajadillo's personnel file is warranted (see Eksarko v Associated Supermarket, 155 AD3d at 828; Alleva v United Parcel Serv., Inc., 112 AD3d at 544; Jennings v Orange Regional Med. Ctr., 102 AD3d at 656; VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d at 47; Tapia v Royal Tours Serv., Inc., 67 AD3d at 896). Therefore, we reverse the order and grant the plaintiffs' motion to that extent.
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court