Delmur, Inc. v School Constr. Auth. (2019 NY Slip Op 05764)





Delmur, Inc. v School Constr. Auth.


2019 NY Slip Op 05764


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-02999
2017-08996
 (Index No. 25365/10)

[*1]Delmur, Inc., respondent, 
v
School Construction Authority, et al., appellants.


Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York, NY (Mohammad M. Haque and Vanessa Corchia of counsel), for appellants.
G. Wesley Simpson, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to recover damages for injury to property, the defendants appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 2, 2016, and (2) an order of the same court dated February 23, 2017. The order dated June 2, 2016, denied the defendants' motion pursuant to CPLR 3126 to strike the complaint for spoliation of evidence. The order dated February 23, 2017, denied that branch of the defendants' motion which was for leave to reargue their motion pursuant to CPLR 3126 to strike the complaint for spoliation of evidence.
ORDERED that the appeal from the order dated February 23, 2017, is dismissed, as no appeal lies from an order denying reargument (see Viola v Blanco, 1 AD3d 506, 507; Matter of Robinson, 30 AD2d 702); and it is further,
ORDERED that the order dated June 2, 2016, is reversed, on the facts and in the exercise of discretion, and the defendants' motion pursuant to CPLR 3126 to strike the complaint for spoliation of evidence is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
On October 26, 2009, a truck owned by the plaintiff allegedly was damaged when it was struck by a vehicle owed and operated by the defendants. The plaintiff subsequently commenced this action to recover damages for injury to property. After issue was joined, the defendants served the plaintiff with a demand to preserve evidence and a demand for inspection, both dated August 31, 2011, demanding, inter alia, that the damaged truck be preserved, that the defendants be advised of the current location of the truck, and that the defendants be permitted to inspect the truck. Following the deposition of the plaintiff's operations manager, the defendants served the plaintiff with a notice for discovery and inspection dated October 27, 2014, in which the defendants requested the "[c]urrent location of the subject . . . truck, and opportunity to inspect, appraise, and photograph the same, at a mutually convenient date and time."
On September 30, 2015, the plaintiff filed a note of issue and certificate of readiness. On October 8, 2015, the defendants moved to vacate the note of issue on the ground, among others, that the plaintiff had not yet responded to the notice for discovery and inspection. The motion was [*2]resolved with a consent order, dated November 9, 2015, directing the plaintiff, inter alia, to respond to the notice for discovery and inspection within 30 days. On December 30, 2015, the defendants renewed their motion to vacate the note of issue, contending that the plaintiff had failed to comply with the order dated November 9, 2015. The plaintiff's attorney submitted an affirmation in opposition to the motion in which he stated, among other things, that the truck was currently being stored in Brooklyn. The defendants withdrew their renewed motion, and attempted to schedule an inspection of the truck.
By notice of motion dated March 28, 2016, the defendants moved pursuant to CPLR 3126 to strike the complaint for spoliation of evidence, contending, inter alia, that the plaintiff had failed to cooperate with their efforts to schedule an inspection of the truck. In an affidavit submitted in opposition to the motion, the plaintiff's operations manager stated that the plaintiff had ceased operations, and that on March 3, 2016, the owner of the yard where the truck had been stored had "seized and disposed" of the truck "to cover the storage costs." In an order dated June 2, 2016, the Supreme Court denied the defendants' motion on the ground that the plaintiff "disposed of the truck after [the note of issue] was filed" and the defendant "seem[ed] to have failed to pursue inspection prior or post filing of" the note of issue. The defendants moved, inter alia, for leave to reargue their motion, and in an order dated February 23, 2017, the court denied that branch of the defendants' motion. The defendants appeal from the order dated June 2, 2016, and the order dated February 23, 2017.
" Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126'" (Samaroo v Bogopa Serv. Corp., 106 AD3d 713, 713-714, quoting Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629). " [T]he Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence' and may, under appropriate circumstances, impose a sanction even if the destruction occurred through negligence rather than wilfulness'" (Doviak v Finkelstein & Partners, LLP, 137 AD3d 843, 846, quoting Biniachvili v Yeshivat Shaare Torah, Inc., 120 AD3d 605, 606).
"The nature and severity of the sanction [for spoliation] depends upon a number of factors, including, but not limited to, the knowledge and intent of the spoliator, the existence of proof of an explanation for the loss of evidence, and the degree of prejudice to the opposing party" (Samaroo v Bogopa Serv. Corp., 106 AD3d at 714). " Recognizing that striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct, courts will consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness'" (Jennings v Orange Regional Med. Ctr., 102 AD3d 654, 655-656, quoting Iannucci v Rose, 8 AD3d 437, 438).
As the party seeking sanctions for spoliation, the defendants were required to demonstrate "that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim . . . such that the trier of fact could find that the evidence would support that claim" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Franco Belli Plumbing & Heating & Sons, Inc. v Dimino, 164 AD3d 1309, 1313; Saeed v City of New York, 156 AD3d 735, 737). "A culpable state of mind for purposes of a spoliation sanction includes ordinary negligence" (VOOM HD Holdings LLC v EchoStar Satellite LLC, 93 AD3d 33, 45 [internal quotation marks omitted]). "Where the evidence is determined to have been intentionally or wilfully destroyed, the relevancy of the destroyed [evidence] is presumed. On the other hand, if the evidence is determined to have been negligently destroyed, the party seeking spoliation sanctions must establish that the destroyed [evidence was] relevant to the party's claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548 [citation omitted]).
Here, on their motion pursuant to CPLR 3126 to strike the complaint, the defendants sustained their burden of establishing that the plaintiff was obligated to preserve the truck at the time it was purportedly "seized and disposed" of, that the truck had been seized and disposed of before the defendants had an opportunity to inspect it, and that the truck was relevant to the litigation (see [*3]Richter v BMW of N. Am., LLC, 166 AD3d 1029, 1030). Furthermore, the defendants demonstrated that their ability to prove their defense had been significantly, if not fatally, compromised by the loss of the truck. Under the circumstances presented, the sanction of striking the complaint was appropriate (see UMS Solutions, Inc. v Biosound Esaote, Inc., 145 AD3d 831, 832-833; Diono v Meltzer, 208 AD2d 798; cf. Richter v BMW of North America, LLC, 166 AD3d at 1030; McDonnell v Sandaro Realty, Inc., 165 AD3d 1090, 1095; Neve v City of New York, 117 AD3d 1006, 1009).
Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3126 to strike the complaint.
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court