Payne v Sole Di Mare, Inc. (2023 NY Slip Op 02728)

Payne v Sole Di Mare, Inc.

2023 NY Slip Op 02728

Decided on May 18, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 18, 2023

535255
[*1]Robert Payne II et al., Respondents,
v
Sole Di Mare, Inc., Doing Business as Franklin Plaza, et al., Appellants.

Calendar Date:March 29, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ.

Law Offices of Robert L. Hartford, Getzville (Jeffrey T. Culkin of counsel), for appellants.
The Towne Law Firm, PC, Albany (Ryan L. Abel of counsel), for respondents.

McShan, J.
Appeal from an order of the Supreme Court (Thomas D. Buchanan, J.), entered April 12, 2022 in Schenectady County, which, among other things, partially granted plaintiffs' motion seeking sanctions for spoliation of evidence.
In September 2019, plaintiff Robert Payne II (hereinafter Payne) attended a wedding reception at the Franklin Plaza Ballroom in the City of Troy, Rensselaer County. Shortly after arriving, Payne slipped and fell, causing him to suffer various injuries. A bartender at Franklin Plaza witnessed the fall and was advised by Payne and another guest that Payne had potentially slipped on some oil. The bartender then inspected the area where Payne fell and observed a fully intact, "tiny piece of tomato" that the bartender surmised had come from bruschetta that was being offered to arriving guests. Two days after the incident, plaintiffs' counsel sent a letter to defendants advising them of potential litigation and placing them on notice to preserve, among other things, any relevant video surveillance in its "present form." Upon receipt of the letter, the president of defendant Sole Di Mare, Inc. asked the general manager to copy the video depicting Payne's fall from their security system. The general manager segmented a 20-second portion from the video footage which, in relevant part, only included the four seconds preceding the fall. The remainder of the footage from the date of the incident was later recorded over in accordance with Franklin Plaza's general business practice.
In June 2020, Payne and his spouse, derivatively, commenced this action alleging that Payne's slip and fall and resulting injuries were the result of defendants' negligence. Defendants joined issue and, in response to plaintiffs' discovery demands, provided a copy of the 20-second video clip depicting Payne's fall. Plaintiffs then moved pursuant to CPLR 3126 to strike defendants' answer as a sanction based upon defendants' failure to provide the "whole" video showing the circumstances leading up to Payne's fall. Defendants opposed the motion and cross-moved for summary judgment dismissing the complaint. Supreme Court partially granted plaintiffs' motion, determining that plaintiffs were entitled to an adverse inference charge at trial owing to defendants' failure to preserve video evidence, and denied defendants' cross-motion for summary judgment. Defendants appeal.
We affirm. "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015] [internal quotation marks and citations omitted]; accord Parkis v City of Schenectady, 211 AD3d [*2]1444, 1446 [3d Dept 2022]). A sanction pursuant to CPLR 3126 must be commensurate with the degree of culpability attributable to the culpable party, and the trial court's determination as to the appropriate sanction for such conduct "will remain undisturbed unless there has been a clear abuse of discretion" (Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877, 880 [2013]; see Kutzin v Katz, 207 AD3d 911, 913 [3d Dept 2022]). Relevant here, "[a] culpable state of mind for purposes of a spoliation sanction includes ordinary negligence" (Oppenheimer v City of New York, 193 AD3d 957, 958 [2d Dept 2021] [internal quotation marks and citation omitted]; Parkis v City of Schenectady, 211 AD3d at 1446).
Initially, we find that the letter from plaintiffs' counsel sent to defendants two days after the incident created a clear obligation to preserve video surveillance footage of the incident (see Parkis v City of Schenectady, 211 AD3d at 1446; Bruno v Peak Resorts, Inc., 190 AD3d 1132, 1135 [3d Dept 2021]). However, the parties dispute whether that obligation extended to anything beyond the brief excerpt of the video surveillance footage that only depicted the four seconds preceding Payne's fall. To this point, the letter from plaintiffs' counsel advises defendants of pending litigation and further advises them of the need to notify their insurance carrier of the request to preserve evidence. Although defendants suggest that plaintiffs' letter was insufficiently clear as to the specific time frame of video footage that should be preserved, we find that the language requesting that all "video surveillance . . . in connection with [the] incident" be preserved in its "present form," coupled with the aforementioned directive to notify their insurance carrier of the request, should have prompted defendants to seek input from counsel prior to undertaking their determination as to the extent of preservation required. The record also establishes that defendants' general manager generated an incident report immediately following the fall that provides some indication that the origin of the hazardous condition that caused Payne's fall was uncertain. With this in mind, we find that defendants were obligated to preserve any footage that depicted the conduct of their employees preparing the room for arriving guests as they had sufficient notice "that the surveillance footage, which captured how the accident occurred and the duration of the alleged hazardous condition, might be needed for future litigation" (Ellis v JPMorgan Chase Bank, 190 AD3d 413, 414 [1st Dept 2021]; see Maiorano v JPMorgan Chase & Co., 124 AD3d 536, 536 [1st Dept 2015]; compare Duluc v AC & L Food Corp., 119 AD3d 450, 452 [1st Dept 2014], lv denied 24 NY3d 908 [2014]). Consequently, we find that Supreme Court's determination that the ensuing failure to preserve such evidence was negligent is adequately supported (see Gitman v Martinez, 169 AD3d 1283, 1287 [3d Dept 2019]; Eksarko [*3]v Associated Supermarket, 155 AD3d 826, 828 [2d Dept 2017]).
Further, we find no merit to defendants' contention that the video evidence lacks probative value. To the contrary, the relevance of such evidence, and the prejudicial impact of its unavailability, is readily established by virtue of the disputed issues in this action. The deletion of the portion of the video depicting the preparation of the room by defendants' employees in anticipation of guests arriving up until the moment of Payne's fall clearly has a detrimental effect on plaintiffs' ability to establish whether defendants' employees created the hazard (see Parkis v City of Schenectady, 211 AD3d at 1446-1447; Peters v Hernandez, 142 AD3d 980, 981 [2d Dept 2016]). Relatedly, we discern no abuse of discretion in the form of sanction chosen by Supreme Court. An adverse inference is appropriate in situations where a party negligently fails to preserve evidence, as is the case here, and the court has the discretion to give a charge appropriately tailored to the facts of the case (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 554; Douglas Elliman LLC v Tal, 156 AD3d 583, 584 [1st Dept 2017]; Eksarko v Associated Supermarket, 155 AD3d at 829). Considering that plaintiffs' case was not fatally compromised by the loss of the video, the pretrial determination of an adverse inference imposed here was appropriate under the circumstances (see Parkis v City of Schenectady, 211 AD3d at 1447; Giuliano v 666 Old Country Rd., LLC, 100 AD3d 960, 962 [2d Dept 2012]; VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 47 [1st Dept 2012]). To the extent that defendants complain of the potential effect of any adverse inference or the degree to which Supreme Court may limit certain evidence at trial, we discern no reason to intrude upon the trial court's discretion to manage any future proceedings in this matter and need not weigh in on the appropriateness of a charge that has yet to be given, beyond noting the requirement that any adverse inference charge be permissive in nature (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 554; Temiz v TJX Cos., Inc., 178 AD3d 620, 621 [1st Dept 2019]; Merrill v Elmira Hgts. Cent. School Dist., 77 AD3d 1165, 1167 [3d Dept 2010]; see also PJI 1:77.3).
As to defendants' cross-motion for summary judgment, we find that defendants failed to meet their prima facie burden to establish that they neither created the hazardous condition nor lacked any notice, constructive or actual (see Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137 [2017]). Although defendants suggest that plaintiffs cannot establish that defendants bore any responsibility for the dangerous condition, our determination as to whether defendants met their burden must take into account their spoliation of the relevant video evidence (see Doe v Heckeroth Plumbing & Heating of Woodstock, Inc., 192 AD3d 1236, 1237 [3d Dept 2021]; Brown v Addison Hall Owners Corp., [*4]135 AD3d 603, 603 [1st Dept 2016]; see generally Horizon Inc. v Wolkowicki, 55 AD3d 337, 338 [1st Dept 2008]). In this respect, defendants' reliance on the general manager's representation that he had inspected the room 15 minutes prior to any guests arriving is unavailing, as they failed to demonstrate the absence of triable issues as to whether defendants' employees created the hazard during the period that followed the inspection, which would obviate the notice requirement (see Osterhoudt v Acme Mkts., Inc., 214 AD3d 1181, 1183 [3d Dept 2023]; Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 75 [1st Dept 2004]). Altogether, considering the sum of evidence presented in support of defendants' motion and viewing the evidence in the light most favorable to plaintiffs, we conclude that Supreme Court's denial of defendants' cross-motion was proper (see Bovee v Posniewski Enters., Inc., 206 AD3d 1112, 1113 [3d Dept 2022]; Hurley v City of Glens Falls, 160 AD3d 1188, 1189 [3d Dept 2018]; Eksarko v Associated Supermarket, 155 AD3d at 827-828).
Egan Jr., J.P., Lynch, Aarons and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.